IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGENERON PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No.:  22-00697-RGA-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AMGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure, Defendant Amgen Inc. ("Amgen"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") in its Complaint.

## RESERVATION OF RIGHTS AND GENERAL DENIAL

Amgen denies that it engaged in any unlawful or improper conduct and denies any and all liability under the causes of action asserted in the Complaint.  Numerous allegations in the Complaint state legal conclusions that do not require a response; to the extent a response is required, such allegations are denied.  The Complaint also includes a number of unnumbered section headings, placed in quotation marks herein, to which no response is required; to the extent a response is required, such allegations are denied.  The Complaint also includes footnotes; to the extent the allegations in such footnotes are not expressly admitted, Amgen denies those allegations. Amgen denies each and every allegation in the Complaint not expressly and specifically admitted herein.  Amgen does not by noting or admitting that the Complaint purports to quote or characterize particular documents admit the truth of any assertion in the referenced document.  Amgen further

reserves all rights to amend and supplement its Answer as information becomes available and as may be necessary.

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.  Exact as specifically admitted, Amgen denies the allegations in the Complaint, including without limitation the headings, footnotes, and charts contained within the Complaint.

## "INTRODUCTION"

1.      Amgen admits that this is an antitrust case.  Except as expressly admitted, Amgen denies the allegations in Paragraph 1 of the Complaint.

2.      Amgen admits that it filed a lawsuit alleging that Praluent® infringed Amgen's patents and that it sought an injunction against Regeneron in that lawsuit.  Except as expressly admitted, Amgen denies the allegations in Paragraph 2 of the Complaint.

3.      Amgen denies the allegations in Paragraph 3 of the Complaint.

4.      Amgen denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 5 of the Complaint.

6.      Amgen admits that PCSK9 inhibitors help established cardiovascular patients lower their low-density lipoprotein cholesterol ("bad cholesterol") and thereby reduce their risk of cardiovascular events such as heart attack and stroke.

7.      Amgen admits that Praluent® and Repatha® are PCSK9 inhibitors that have each been approved by the FDA (Praluent® for Regeneron and Repatha® for Amgen) and that each drug has a label that has been approved specifically for that drug.  Amgen admits that Praluent®

1

and Repatha® were initially the only two PCSK9 inhibitors approved by the U.S. Food and Drug Administration available in the United States.  Amgen notes that Paragraph 7 of the Complaint purports to quote or characterize testimony from a transcript of the permanent injunction hearing in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del. Aug. 8, 2019), D.I. 1043.  That document speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.   Except as expressly admitted, Amgen denies the allegations in Paragraph 7 of the Complaint.

8.      Amgen admits that it sought an injunction against Regeneron in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).  Except as expressly admitted, Amgen denies the allegations in Paragraph 8 of the Complaint.

9.      Amgen admits that its U.S. Patent No. 8,030,457 covers Repatha®.  Amgen admits that it brought an action for patent infringement and for a declaratory judgment of patent infringement of United States Patent Nos. 8,563,698, 8,829,165, 8,859,741, 8,871,913, 8,871,914, 8,883,983, and 8,889,834 against Regeneron.  Amgen notes that Paragraph 9 of the Complaint purports to quote or characterize a decision of the Federal Circuit.  That decision speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, Amgen denies the allegations in Paragraph 9 of the Complaint.

10.      Amgen admits that it sought an injunction against Regeneron in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).  Amgen notes that Paragraph 10 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, Amgen denies the allegations in Paragraph 10.

11.     Amgen notes that Paragraph 11 of the Complaint purports to quote or characterize a decision of the Federal Circuit.  That decision speaks for itself and Amgen denies any characterization or description that is inconsistent therewith. Paragraph 11 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 11.

12.     Amgen notes that Paragraph 12 of the Complaint purports to quote or characterize a decision of the Federal Circuit.  That decision speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.  Amgen denies any remaining allegations in Paragraph 12 of the Complaint.

13.     Amgen denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations of Paragraph 14 of the Complaint are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

15.     Amgen admits that Praluent® and Repatha® compete, including for formulary positioning.   Amgen admits that the FDA has indicated the use of Otezla® in adult patients with active psoriatic arthritis; adult patients with plaque psoriasis who are candidates for phototherapy or systemic therapy; and adult patients with oral ulcers associated with Behçet's Disease.  Amgen admits that it acquired Otezla® in 2020 and that the FTC required that Otezla® be divested as a condition for obtaining FTC clearance in the Bristol Meyers Squibb/Celgene merger.   Amgen admits that it acquired Otezla® for $13.4 billion. Amgen admits that Otezla® was Amgen's third largest product by U.S. revenues for the year ending December 31, 2022.  Except as expressly admitted, Amgen denies the allegations in Paragraph 15.

16.     Amgen lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 regarding Praluent® sales and on that basis, it denies them.  The

allegations in the first sentence of Paragraph 16 are too vague for Amgen to form a belief as to the truth of the allegations and, on that basis, Amgen denies them. Amgen admits that Otezla® and Enbrel®, together, generated approximately $12.81 billion in U.S. net sales in 2020 and 2021. Amgen denies any remaining allegations in Paragraph 16 of the Complaint.

17.     Amgen denies the allegations in Paragraph 17 of the Complaint.

18.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 18 of the Complaint and, on that basis, it denies them. The allegations of the fourth, fifth, and sixth sentences of Paragraph 18 of the Complaint are too vague for Amgen to form a belief as to their truth and, on that basis, it denies them. Amgen denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Amgen admits that Repatha® generated $459 million in U.S. net sales for 2020 and $557 million in 2021 and that Otezla® and Enbrel®, together, generated approximately $12.81 billion in U.S. net sales in 2020 and 2021. Except as expressly admitted, Amgen denies the allegations in Paragraph 19.

20.     Amgen lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of Paragraph 20 of the Complaint and, on that basis, it denies them. Amgen denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Amgen denies the allegations in Paragraph 21 of the Complaint.

22.     Amgen lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22 regarding Regeneron's motivations in filing this suit and, on that basis, it denies them. Amgen denies the remaining allegations in Paragraph 22 of the Complaint.

## "**THE PARTIES**"

23.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, on that basis, it denies them.

24.     Amgen admits the allegations in Paragraph 24 of the Complaint.

## "**JURISDICTION AND VENUE**"

25.     Paragraph 25 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits for purposes of this action only that this Court has subject matter jurisdiction over Regeneron's claims.

26.     Paragraph 26 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits for purposes of this action only that this Court has personal jurisdiction over Amgen with respect to the claims in the Complaint.

27.     Paragraph 27 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits for purposes of this action only that venue is appropriate in this District for the claims in the Complaint.

28.     Paragraph 28 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits for purposes of this action only that this Court has personal jurisdiction over Amgen with respect to the claims in the Complaint and that venue is appropriate in this District for the claims in the Complaint. Amgen denies the remaining allegations in Paragraph 28 of the Complaint.

## "**INTERSTATE COMMERCE**"

29.     Paragraph 29 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits that it sells

Repatha, Enbrel, and Otezla® in interstate commerce.  Amgen denies the remaining allegations in Paragraph 29 of the Complaint.

"<u>**FACTUAL BACKGROUND**</u>"

"***Treatment of High Low-Density Lipoprotein Cholesterol***"

"***PCSK9 Inhibitors***"

30.     Amgen notes that Paragraph 30 purports to characterize a decision of the Federal Circuit.  Amgen denies any description of characterization that is inconsistent therewith. Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Complaint, which describe a complex process in general and vague terms, and appear to do so on the basis of a judicial decision, and on that basis, it denies them.

31.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, which describe a complex process in general and vague terms, and appear to do so based upon the contents of the package insert to Praluent®, and on that basis, it denies them.

"**Regeneron's Praluent®**"

32.     Amgen admits that Praluent® was the first PCKS9 inhibitor to obtain FDA approval in the U.S., through Regeneron's purchase and exercise of a priority review voucher for $67.5 million.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis, it denies them.

33.     Amgen notes that Paragraph 33 purports to characterize a decision of the Federal Circuit.  That decision speaks for itself, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen admits that Praluent® was the first PCKS9 inhibitor to obtain

FDA approval in the U.S., through Regeneron's purchase and exercise of a priority review voucher for $67.5 million.   Amgen admits that the U.S. Patent and Trademark office issued U.S. Patent No. 8,062,640 in 2011, and that U.S. Patent No. 8,062,640 is assigned to Regeneron Pharmaceuticals Inc. Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis, it denies them.

34.    Amgen notes that Paragraph 34 purports to characterize the contents of the material cited in footnotes 5 and 6.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith. Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and on that basis, it denies them.

35.    Amgen notes that Paragraph 35 purports to characterize the contents of the material cited in footnote 7.  The document cited speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith. Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and on that basis, it denies them.

"*Amgen's Repatha®*"

36.    Amgen notes that Paragraph 36 purports to quote and characterize a decision of the Federal Circuit.  That decision speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen denies any remaining allegations in Paragraph 36 of the Complaint.

37.    Amgen notes that Paragraph 37 purports to characterize the contents of the material cited in footnotes 8 and 9.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint, which relate complex conclusions in general and vague terms, and on that basis, it denies them.

38.     Amgen admits that Repatha® is only available in a 140 mg/mL dose and a 420 mg/3.5 mL dose.  Except as expressly admitted, Amgen denies the allegations of Paragraph 38 of the Complaint.

39.     Amgen notes that Paragraph 39 purports to quote the Repatha® label. That material speaks for itself, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen further notes that Paragraph 39 purports to quote an unidentified additional source.  Amgen lacks knowledge or information sufficient to form a belief as to the accuracy of this quote or the material cited therein.  Amgen denies the remaining allegations of Paragraph 39 of the Complaint.

40.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis, it denies them.

41.     Amgen notes that Paragraph 41 purports to quote or characterize selected testimony by Regeneron CEO, Dr. Schleifer, from the permanent injunction hearing in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del. Aug. 8, 2019), D.I. 1043.  That document speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen denies that Dr. Schleifer's testimony is accurate or complete.  Amgen denies any remaining allegations in Paragraph 41 of the Complaint.

"*Novartis's Leqvio® (inclisiran)*"

42.     Amgen admits that until December 22, 2021, Praluent® and Repatha® were initially the only two PCSK9 inhibitors that were approved by the FDA.  Amgen admits that on or

about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Except as expressly admitted, Amgen denies the allegations in Paragraph 42 of the Complaint.

43.     Amgen notes that Paragraph 43 of the Complaint purports to quote or characterize the documents cited in footnotes 18-20 of the Complaint.  The cited materials speak for themselves and Amgen denies any description or characterization that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis, it denies them.

44.     Amgen notes that Paragraph 44 purports to characterize the contents of the material cited in footnotes 22-25.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen admits that Repatha® is an antibody therapy that binds to the PCSK9 protein and inhibits its binding to LDL receptors.  The allegations of Paragraph 44 that Repatha® cost roughly $220 to $230 per injunction are too vague for Amgen to form a belief as to their truth, and on that basis Amgen denies them.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, on that basis, it denies them.

"*Other Drugs for Lowering Bad Cholesterol*"

45.     Amgen notes that Paragraph 45 purports to characterize the contents of the material cited in footnotes 26-34.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith. Amgen lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 45 of the Complaint, and on that basis, it denies them.

"*The Role of Third-Party Payors in the PCSK9i Market*"

46.     The allegations in Paragraph 46 are too vague for Amgen to form a belief as to the truth of the allegations and, on that basis, Amgen denies them.

47.     Amgen notes that Paragraph 47 purports to characterize the contents of the material cited in footnotes 35-38.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith. Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and on that basis, it denies them.

48.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis, it denies them.

49.     Amgen notes that Paragraph 49 purports to characterize the contents of the material cited in footnote 40.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis, it denies them.

50.     Amgen notes that Paragraph 50 purports to characterize the contents of the material cited in footnotes 41-46.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith. Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis, it denies them.

51.     The allegations in in the last sentence of Paragraph 51 are too vague for Amgen to form a belief as to the truth of the allegations and, on that basis, Amgen denies them.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint, and on that basis, it denies them.

52.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis, it denies them.

53.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis, it denies them.

54.     Amgen notes that Paragraph 54 purports to characterize the contents of the material cited in footnotes 52-53.  The documents cited speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.   Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint, and on that basis, it denies them.

55.     Amgen denies the allegations in Paragraph 55 of the Complaint.

"*Amgen's 2020 Acquisition of Monopoly Product Otezla®*"

56.     The allegations in Paragraph 56 are too vague for Amgen to form a belief as to the truth of the allegations and, on that basis, Amgen denies them.  Amgen notes that Paragraph 56 purports to quote or characterize the 2019 FTC Analysis cited in footnote 54.  That document speaks for itself and Amgen denies any description or characterization that is inconsistent therewith.  Amgen notes that the allegations in Paragraph 56 purport to describe current conditions by reference to an analysis from 2019, and on that basis it denies them.  Except as expressly admitted, Amgen denies the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 contains legal conclusions and characterizations, to which no responsive pleading is required.  Amgen admits that the FTC required that Otezla® be divested as a condition for obtaining FTC clearance in the Bristol Meyers Squibb/Celgene merger.  Amgen notes that Paragraph 57 purports to quote or characterize the FTC document cited in footnotes 56 and 57.  That document speaks for itself, and Amgen denies any description or characterization that is inconsistent therewith.  The allegations in Paragraph purport to describe current conditions

based on an FTC new release from 2019, and on that basis Amgen denies them.  Except as expressly admitted, Amgen denies the allegations in Paragraph 57 of the Complaint.

58.     Amgen denies that Otezla® is a monopoly product and that it was ordered to be divested by the FTC.  Amgen admits that it acquired Otezla® in 2020 for $13.4 billion.  Except as expressly admitted, Amgen denies the allegations in Paragraph 58 of the Complaint.

"*Amgen's Intent to Exclude Praluent®*"

59.     Paragraph 59 contains legal conclusions and characterizations, to which no responsive pleading is required.  Amgen admits that it sought an injunction against Regeneron in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).   Amgen notes that Paragraph 59 purports to quote or characterize a decision of the Federal Circuit in *Amgen Inc. v. Sanofi, Aventisub LLC*, 872 F.3d 1367, 1371 (Fed. Cir. 2017).  That decision speaks for itself, and Amgen denies any description or characterization that is inconsistent therewith.    Amgen denies the remaining allegations in Paragraph 59 of the Complaint.

60.     Amgen admits that it filed a lawsuit in October 2014 alleging that Praluent® infringed Amgen's patents. *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).  Paragraph 60 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 60 of the Complaint.

61.     Amgen admits that it sought an injunction against Regeneron's sale of Praluent® in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).   Amgen notes that Paragraph 61 purports to quote or characterize selected testimony by Regeneron CEO, Dr. Schleifer, from the permanent injunction hearing in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del. Aug. 8, 2019), D.I. 1043.   That document speaks for itself, and Amgen denies any description or

characterization that is inconsistent therewith.   Amgen denies that Dr. Schleifer's testimony is accurate or complete.  Except as expressly admitted, Amgen denies the allegations in Paragraph 61.

62.    Amgen admits that it sought an injunction against Regeneron's sale of Praluent® in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).  Amgen notes that Paragraph 62 purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That document speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, Amgen denies the allegations in Paragraph 62 of the Complaint.

63.    Paragraph 63 contains legal conclusions and characterizations, to which no responsive pleading is required.  Amgen admits that it sought an injunction against Regeneron's sale of Praluent® in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).  Amgen notes that Paragraph 63 purports to quote or characterize an Order issued by the District of Delaware and an order issued by the Federal Circuit.  Those documents speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, Amgen denies the remaining allegations in Paragraph 63.

64.    Amgen notes that Paragraph 64 of the Complaint purports to characterize the documents cited in footnotes 58-59 of the Complaint.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and on that basis, it denies them.

65.    Paragraph 64 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits that it

appealed the court's decision in *Amgen Inc. v. Sanofi, Aventisub LLC*, 850 F. App'x 794, 795 (Fed. Cir. 2021).  Amgen notes that Paragraph 65 purports to quote or characterize a decision of the Federal Circuit.  That decision speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and on that basis, it denies them.

"*Amgen's Misinformation Blitz*"

66.     Amgen denies the allegations in Paragraph 66 of the Complaint.

67.     Amgen denies the allegations in Paragraph 67 of the Complaint.

## "AMGEN'S EXCLUSIONARY CONDUCT"

"*Amgen Is Engaged in an Anticompetitive Bundled Rebate Scheme to Corner the PCSK9i Market for Repatha®*"

68.     Amgen denies the allegations in Paragraph 68 of the Complaint.

69.     Amgen notes that Paragraph 69 purports to characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That document speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 of the Complaint, and on that basis, it denies them.

70.     Amgen notes that Paragraph 70 purports to quote or characterize the documents cited in footnotes 60-62.  Those documents speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and on that basis, it denies them.

71.     Amgen denies the allegations in Paragraph 71 of the Complaint.

72.     Amgen denies the allegations in Paragraph 72 of the Complaint.

73.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Praluent®'s access to Medicare Part D Third-Party Payors in the United States, and on that basis, it denies them.  Amgen denies the remaining allegations in Paragraph 73 of the Complaint.

74.     Amgen notes that Paragraph 74 purports to characterize the contents of Amgen's July 15, 2020 Global Corporate Compliance Policy on Antitrust and Unfair Competition and the article cited in footnote 64.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith.   Amgen denies the remaining allegations in Paragraph 74.

75.     Amgen denies the allegations in Paragraph 75 of the Complaint.

"*Amgen's Bundling Practices at ESI*"

76.     Amgen admits that ESI added Repatha® to ESI Commercial's National Preferred Formulary list in July 2019.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint, and on that basis, it denies them.

77.     Amgen denies the allegations in Paragraph 77 of the Complaint.

78.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and on that basis, it denies them.

79.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Regeneron's business strategies or finances in Paragraph 79, and on that basis, it denies them. Amgen denies the remaining allegations in Paragraph 79.

80.     Amgen admits that ESI added Repatha® to ESI Commercial's National Preferred Formulary list in July 2019.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and on that basis, it denies them.

81.     Amgen admits that ESI added Repatha® to ESI Commercial's National Preferred Formulary list in July 2019.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and on that basis, it denies them.

"*Amgen's Bundling Practices at UnitedHealthcare/OptumRx*"

82.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 relating to Optum's business, and on that basis, it denies those allegations.  Amgen denies the remaining allegations of Paragraph 82 of the Complaint.

83.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis, it denies them.

84.     Amgen denies that it engaged in any misconduct or below-cost pricing.  Amgen lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 84 and on that basis, it denies them.

85.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis, it denies them.

"*Amgen's Bundling Practices at Other Third-Party Payors*"

86.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 regarding Regeneron's conversations with third parties, and on that basis, it denies them.  Amgen notes that Paragraph 86 purports to quote or characterize the documents cited in footnotes 68-69 of the Complaint.  Those documents speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith. Amgen denies the remaining allegations in Paragraph 86.

"***Amgen's Anticompetitive Bundle Results in Below-Cost Prices For Repatha®***"

87.     Amgen notes that Paragraph 87 purports to quote or characterize the statement cited in footnote 70 of the Complaint.   That document speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.   Amgen denies the remaining allegations in Paragraph 87.

88.     Paragraph 88 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 88 of the Complaint.

89.     Amgen denies the allegations in Paragraph 89 of the Complaint.

90.     Amgen denies the allegations in Paragraph 90 of the Complaint.

91.     Amgen notes that Paragraph 91 purports to quote or characterize the documents cited in footnotes 72-74 of the Complaint.  Those documents speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.   Amgen denies the remaining allegations in Paragraph 91.

92.     Amgen lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations regarding Regeneron's costs, and on that basis, it denies them.  Paragraph 92 contains legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Amgen denies the allegations in Paragraph 92 of the Complaint.

93.     Amgen notes that Paragraph 93 purports to quote or characterize Amgen's financial reporting cited in footnote 75.   That reporting speaks for itself, and Amgen denies any characterization or description that is inconsistent therewith.   Amgen lacks knowledge or

information sufficient to form a belief as to truth of the remaining allegations of Paragraph 93, and on that basis, it denies them.

94.    Amgen admits that it has increased the list prices of Repatha®, Otezla®, and Enbrel® since 2020.  Except as expressly admitted, Amgen denies the allegations in Paragraph 94 of the Complaint.

"***Amgen's Anticompetitive Bundle Substantially Forecloses the PCSK9i Market to Praluent®***"

95.    Amgen admits that Otezla® and Enbrel®, together, generated approximately $12.81 billion in U.S. net sales in 2020 ($6.64 billion) and 2021 ($6.16 billion).  Amgen lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations regarding Regeneron's costs, and on that basis, it denies them.

96.    Amgen denies the allegations in Paragraph 96 of the Complaint.

97.    Paragraph 97 contains legal conclusions and characterizations, to which no responsive pleading is required.  Amgen admits that its U.S. net sales for Repatha® were $459 million in 2020 and $557 million in 2021.  Except as expressly admitted, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and on that basis it denies them.

98.    Amgen denies the allegations in Paragraph 98 of the Complaint.

99.    Amgen denies the allegations in the first sentence of Paragraph 99 of the Complaint.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint, and on that basis, it denies them.

100.    Amgen denies the allegations in Paragraph 100 of the Complaint.

101.    Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Regeneron's projected profits in Paragraph 101 of the Complaint, and on that basis, it denies them.  Amgen denies the remaining allegations in Paragraph 101.

## "AMGEN HAS MONOPOLY OR MARKET POWER IN THE RELEVANT MARKETS"

### "*The PCSK9i Market or The Pharmacy-Dispensed PCSK9i Sub-Market*"

102.    Paragraph 102 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and on that basis, it denies them.

103.    Paragraph 103 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and on that basis, it denies them.

104.    Paragraph 104 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and on that basis, it denies them.

105.    Amgen admits that Novartis obtained FDA approval for Leqvio in December 2021. Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and on that basis, it denies them.

106.    Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint, and on that basis, it denies them.

107.     Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and on that basis, it denies them.

108.     Paragraph 108 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 of the Complaint, and on that basis, it denies them.

109.     Paragraph 109 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis, it denies them.

110.     Paragraph 145 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 110 of the Complaint.

111.     Amgen denies the allegations in Paragraph 111 of the Complaint.

112.     Amgen denies the allegations in Paragraph 112 of the Complaint.

"*Moderate-to-Severe Psoriasis Market (Otezla®)*"

113.     Amgen denies the allegations in Paragraph 113 of the Complaint.

114.     Paragraph 114 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint, and on that basis, it denies them.

115.     Paragraph 115 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and on that basis, it denies them.

116.     Amgen notes that Paragraph 116 purports to quote or characterize a Complaint cited in footnotes 85-86.  That Complaint speaks for itself, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis, it denies them.

117.     Amgen admits that Otezla® was approved by the FDA in 2014.  Amgen admits that Otezla® generated $1.79 billion in U.S. revenues in 2020.  Amgen notes that Paragraph 117 purports to characterize or quote documents cited in footnotes 87-96 of the Complaint.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen denies the remaining allegations in Paragraph 117.

118.     Amgen admits that Praluent® and Repatha® compete, including for formulary positioning.   Amgen admits that the FDA has indicated the use of Otezla® in adult patients with active psoriatic arthritis; adult patients with plaque psoriasis who are candidates for phototherapy or systemic therapy; and adult patients with oral ulcers associated with Behçet's Disease.  Amgen admits that it acquired Otezla® in 2020 and that the FTC required that Otezla® be divested as a condition for obtaining FTC clearance in the Bristol Meyers Squibb/Celgene merger.  Amgen admits that it acquired Otezla® for $13.4 billion. Amgen notes that Paragraph 118 of the Complaint purports to characterize the statements of the FTC and the article cited in footnote 97. Those documents speak for themselves, and Amgen denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, Amgen denies the allegations in Paragraph 118 of the Complaint.

"*Rheumatoid Arthritis Market (Enbrel®)*"

119.    Paragraph 119 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and on that basis, it denies them.

120.    Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and on that basis, it denies them.

121.    Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and on that basis, it denies them.

122.    Amgen notes that Paragraph 122 purports to characterize the contents of the documents cited in footnotes 98 and 99 of the Complaint.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith. Amgen admits that Enbrel® generated approximately $4.855 billion in U.S. net sales in 2020 and $4.352 billion in 2021.  Except as expressly admitted, Amgen denies the allegations in Paragraph 122 of the Complaint.

123.    Amgen notes that Paragraph 123 purports to characterize the contents of the documents cited in footnotes 100-102 of the Complaint.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith. Amgen denies any remaining allegations in Paragraph 123 of the Complaint.

### **"BARRIERS TO ENTRY"**

124.    Paragraph 124 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, the allegations in Paragraph

124 of the Complaint are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

125.    Paragraph 125 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, the allegations in Paragraph 125 of the Complaint are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

126.    Amgen notes that Paragraph 126 purports to characterize the articles cited in footnotes 103 and 104 of the Complaint.  Those documents speak for themselves, and Amgen denies any depiction or characterization that is inconsistent therewith.  The remaining allegations in Paragraph 126 are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

127.    Amgen notes that Paragraph 127 purports to characterize the articles cited in footnotes 105-109 of the Complaint.  Those documents speak for themselves, and Amgen denies any depiction or characterization that is inconsistent therewith.  The remaining allegations in Paragraph 127 are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

128.    Amgen notes that Paragraph 128 purports to characterize the document cited in footnote 111 of the Complaint.  That document speaks for itself, and Amgen denies any depiction or characterization that is inconsistent therewith.  The remaining allegations in Paragraph 128 are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

129.    Amgen notes that Paragraph 129 purports to characterize the documents cited in footnotes 112-113 of the Complaint.  Those documents speak for themselves, and Amgen denies

any depiction or characterization that is inconsistent therewith.  The remaining allegations in Paragraph 129 are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

130.    Amgen admits that the FDA has indicated the use of Otezla® in adult patients with active psoriatic arthritis; adult patients with plaque psoriasis who are candidates for phototherapy or systemic therapy; and adult patients with oral ulcers associated with Behçet's Disease.  Amgen admits that Otezla®'s initial approval by the FDA was in 2014.  The remaining allegations in Paragraph 130 of the Complaint are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

131.    Amgen admits that Enbrel® is indicated for, among other things, use in patients with moderate to severe rheumatoid arthritis and psoriatic arthritis.  Amgen notes that Paragraph 131 purports to characterize the document cited in footnote 114 of the Complaint.  That document speaks for itself, and Amgen denies any depiction or characterization that is inconsistent therewith. The remaining allegations in Paragraph 131 are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

132.    Amgen notes that Paragraph 132 purports to characterize the documents cited in footnotes 116-120 of the Complaint.  Those documents speak for themselves, and Amgen denies any depiction or characterization that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 132 of the Complaint, and on that basis, it denies them.

133.    The allegations in Paragraph 133 are too vague for Amgen to form a belief as to the truth of those allegations, and on that basis, it denies them.

## "ANTITRUST INJURY IN THE PCSK9i MARKET AND PHARMACY-DISPENSED PCSK9i SUB-MARKET"

134.    Amgen denies the allegations in Paragraph 134 of the Complaint.

135.    Amgen denies the allegations in Paragraph 135 of the Complaint.

136.    Amgen notes that Paragraph 136 purports to characterize the documents cited in footnotes 121-122 of the Complaint.  Those documents speak for themselves, and Amgen denies any depiction or characterization that is inconsistent therewith.  Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 136 of the Complaint, and on that basis, it denies them.

137.    Amgen denies the allegations in Paragraph 137 of the Complaint.

138.    Amgen denies the allegations in Paragraph 138 of the Complaint.

139.    Amgen lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 139, and on that basis, it denies them.  Amgen notes that Paragraph 139 purports to quote or characterize Amgen's preliminary injunction motion and the document cited in footnote 123 of the Complaint.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen denies the remaining allegations of Paragraph 139 of the Complaint.

140.    Amgen notes that Paragraph 140 purports to characterize the documents cited in footnotes 124-127 of the Complaint.  Those documents speak for themselves, and Amgen denies any description or characterization that is inconsistent therewith.  Amgen denies the remaining allegations in Paragraph 140 of the Complaint.

141.    Amgen denies the allegations of Paragraph 141 of the Complaint.

**"CLAIMS FOR RELIEF"**

"*Count One: Monopolization of the PCSK9i Market and Pharmacy-Dispensed PCSK9i Sub-Market Through Bundling in Violation of Section 2 of the Sherman Act*"

142.    Amgen incorporates by reference its responses to Paragraphs 1 through 141 as if fully set forth herein.

143.    Paragraph 143 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that the Sherman Act speaks for itself, and denies any description or characterization that is inconsistent therewith.

144.    Paragraph 144 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 144 of the Complaint, and on that basis, it denies them.

145.    Paragraph 145 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations of Paragraph 145.

146.    Amgen denies the allegations in Paragraph 146 of the Complaint.

147.    Amgen denies the allegations in Paragraph 147 of the Complaint.

148.    Amgen denies the allegations in Paragraph 148 of the Complaint.

149.    Amgen denies the allegations in Paragraph 149 of the Complaint.

150.    Paragraph 150 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 150 of the Complaint.  Amgen further notes that Paragraph 150 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of

Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

151.   Amgen admits that Regeneron purports to seek the relief described in Paragraph 151.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 151 of the Complaint.

"***Count Two: Attempted Monopolization of the PCSK9i Market and Pharmacy-Dispensed PCSK9i Sub-Market Through Bundling in Violation of Section 2 of the Sherman Act***"

152.   Amgen incorporates by reference its responses to Paragraphs 1 through 151 as if fully set forth herein.

153.   Paragraph 153 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that the Sherman Act speaks for itself, and denies any description or characterization that is inconsistent therewith.

154.   Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Paragraph 154 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of the Complaint, and on that basis, it denies them.

155.   Amgen denies the allegations in Paragraph 155 of the Complaint.

156.   Amgen denies the allegations in Paragraph 156 of the Complaint.

157.   Amgen denies the allegations in Paragraph 157 of the Complaint.

158.     Amgen admits that it filed a lawsuit against Regeneron in *Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA (D. Del.).  Amgen denies the remaining allegations in Paragraph 158 of the Complaint.

159.     Amgen denies the allegations in Paragraph 159 of the Complaint.

160.     Amgen denies the allegations in Paragraph 160 of the Complaint.

161.     Paragraph 161 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 161.  Amgen further notes that Paragraph 161 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

162.     Amgen admits that Regeneron purports to seek the relief described in Paragraph 162.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 162 of the Complaint.

"***Count Three: Monopolization of the PCSK9i Market and Pharmacy-Dispensed PCSK9i Sub-Market Through Below-Cost Pricing in Violation of Section 2 of the Sherman Act***"

163.     Amgen incorporates by reference its responses to Paragraphs 1 through 162 as if fully set forth herein.

164.     Paragraph 164 contains legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Amgen notes that the Sherman Act speaks for itself, and denies any description or characterization that is inconsistent therewith.

165.     Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.   Paragraph 165 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the Complaint, and on that basis, it denies them.

166.     Paragraph 166 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 166 of the Complaint.

167.     Amgen denies the allegations in Paragraph 167 of the Complaint.

168.     Amgen denies the allegations in Paragraph 168 of the Complaint.

169.     Amgen denies the allegations in Paragraph 169 of the Complaint.

170.     Amgen denies the allegations in Paragraph 170 of the Complaint.

171.     Paragraph 171 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 171 of the Complaint.

172.     Amgen admits that Regeneron purports to seek the relief described in Paragraph 172.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 172 of the Complaint.

"***Count Four: Attempted Monopolization of the PCSK9i Market and Pharmacy-Dispensed PCSK9i Sub-Market Through Below-Cost Pricing in Violation of Section 2 of the Sherman Act***"

173.     Amgen incorporates by reference its responses to Paragraphs 1 through 172 as if fully set forth herein.

174.    Paragraph 174 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that the Sherman Act speaks for itself, and denies any description or characterization that is inconsistent therewith.

175.    Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Paragraph 175 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 of the Complaint, and on that basis, it denies them.

176.    Amgen denies the allegations in Paragraph 176 of the Complaint.

177.    Amgen denies the allegations in Paragraph 177 of the Complaint.

178.    Amgen denies the allegations in Paragraph 178 of the Complaint.

179.    Amgen denies the allegations in Paragraph 179 of the Complaint.

180.    Amgen denies the allegations in Paragraph 180 of the Complaint.

181.    Paragraph 181 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 181.  Amgen further notes that Paragraph 181 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

182.    Amgen admits that Regeneron purports to seek the relief described in Paragraph 182.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 182 of the Complaint.

"*Count Five: Unreasonable Restraint of Trade in Violation of Section 1 of the Sherman Act*"

183.    Amgen incorporates by reference its responses to Paragraphs 1 through 182 as if fully set forth herein.

184.    Paragraph 184 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that the Sherman Act speaks for itself, and denies any description or characterization that is inconsistent therewith.

185.    Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Paragraph 185 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the Complaint, and on that basis, it denies them.

186.    Paragraph 186 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 186 of the Complaint.

187.    Amgen denies the allegations in Paragraph 187 of the Complaint.

188.    Amgen denies the allegations in Paragraph 188 of the Complaint.

189.    Amgen denies the allegations in Paragraph 189 of the Complaint.

190.    Amgen denies the allegations in Paragraph 190 of the Complaint.

191.    Amgen denies the allegations in Paragraph 191 of the Complaint.

192.    Paragraph 192 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 192.  Amgen further notes that Paragraph 192 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

193.    Amgen admits that Regeneron purports to seek the relief described in Paragraph 193.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 193 of the Complaint.

"*Count Six: Sale on Condition to Exclude Praluent® in Violation of Section 3 of the Clayton Act*"

194.    Amgen incorporates by reference its responses to Paragraphs 1 through 193 as if fully set forth herein.

195.    Paragraph 195 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that the Sherman Act speaks for itself, and denies any description or characterization that is inconsistent therewith.

196.    Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Paragraph 196 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required,

Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 of the Complaint, and on that basis, it denies them.

197.    Paragraph 197 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 197 of the Complaint.

198.    Amgen denies the allegations in Paragraph 198 of the Complaint.

199.    Amgen admits that Otezla® was Amgen's third largest product by U.S. revenues for the year ending December 31, 2022 and generated $1.79 billion in U.S. revenues in 2020. Amgen admits that Enbrel® was Amgen's largest product by U.S. revenues for the year ending December 31, 2022 and generated $4.855 billion in U.S. revenues in 2020.  Except as expressly admitted, Amgen denies the allegations in Paragraph 199 of the Complaint.

200.    Amgen denies the allegations in Paragraph 200 of the Complaint.

201.    Amgen denies the allegations in Paragraph 201 of the Complaint.

202.    Amgen denies the allegations in Paragraph 202 of the Complaint.

203.    Paragraph 203 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 203 of the Complaint.  Amgen further notes that Paragraph 203 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

204.    Amgen admits that Regeneron purports to seek the relief described in Paragraph 204.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 204 of the Complaint.

"***Count Seven: Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.***"

205.    Amgen incorporates by reference its responses to Paragraphs 1 through 204 as if fully set forth herein.

206.    Paragraph 206 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that California Business and Professions Code Section 17200 speaks for itself, and denies any description or characterization that is inconsistent therewith.

207.    Paragraph 207 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits that it is engaged in business in California.  Except as expressly admitted, Amgen denies the allegations in Paragraph 207 of the Complaint.

208.    Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Paragraph 208 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208 of the Complaint, and on that basis, it denies them.

209.    Paragraph 209 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 209 of the Complaint.

210.    Amgen denies the allegations in Paragraph 210 of the Complaint.

211.    Amgen admits that Otezla® was Amgen's third largest product by U.S. revenues for the year ending December 31, 2022 and generated $1.79 billion in U.S. revenues in 2020.

Amgen admits that Enbrel® was Amgen's largest product by U.S. revenues for the year ending December 31, 2022 and generated $4.855 billion in U.S. revenues in 2020.  Except as expressly admitted, Amgen denies the allegations in Paragraph 211 of the Complaint.

212.   Amgen denies the allegations in Paragraph 212 of the Complaint.

213.   Amgen denies the allegations in Paragraph 213 of the Complaint.

214.   Amgen denies the allegations in Paragraph 214 of the Complaint.

215.   Paragraph 215 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 215 of the Complaint.  Amgen further notes that Paragraph 215 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

216.   Amgen denies the allegations in Paragraph 216 of the Complaint.

217.   Amgen denies the allegations in Paragraph 217 of the Complaint.

218.   Amgen admits that Regeneron purports to seek the relief described in Paragraph 218.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 218 of the Complaint.

"***Count Eight: Violation of California's Unfair Practices Act ("UPA"), Cal. Bus. & Prof. Code § 17043 et seq.***"

219.   Amgen incorporates by reference its responses to Paragraphs 1 through 218 as if fully set forth herein.

220.   Paragraph 220 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that California

Business and Professions Code Sections 17043 and 17001 speak for themselves, and denies any description or characterization that is inconsistent therewith.

221.    Paragraph 221 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits that it is engaged in business in California.   Except as expressly admitted, Amgen denies the allegations in Paragraph 221 of the Complaint.

222.    Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.   Paragraph 222 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222 of the Complaint, and on that basis, it denies them.

223.    Paragraph 223 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 223 of the Complaint.

224.    Amgen denies the allegations in Paragraph 224 of the Complaint.

225.    Amgen denies the allegations in Paragraph 225 of the Complaint.

226.     Amgen denies the allegations in Paragraph 226 of the Complaint.

227.    Amgen denies the allegations in Paragraph 227 of the Complaint.

228.    Amgen denies the allegations in Paragraph 228 of the Complaint.

229.    Amgen denies the allegations in Paragraph 229 of the Complaint.

"***Count Nine: Violation of California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16727***"

230.    Amgen incorporates by reference its responses to Paragraphs 1 through 229 as if fully set forth herein.

231.    Paragraph 231 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen notes that California Business and Professions Code Section 16700 *et seq.* speaks for itself, and denies any description or characterization that is inconsistent therewith.

232.    Paragraph 232 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen admits that it is engaged in business in California.   Except as expressly admitted, Amgen denies the allegations in Paragraph 232 of the Complaint.

233.    Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.   Paragraph 233 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233 of the Complaint, and on that basis, it denies them.

234.    Paragraph 234 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 234 of the Complaint.

235.    Amgen denies the allegations in Paragraph 235 of the Complaint.

236.    Amgen admits that Otezla® was Amgen's third largest product by U.S. revenues for the year ending December 31, 2022 and generated $1.79 billion in U.S. revenues in 2020.

Amgen admits that Enbrel® was Amgen's largest product by U.S. revenues for the year ending December 31, 2022 and generated $4.855 billion in U.S. revenues in 2020. Except as expressly admitted, Amgen denies the allegations in Paragraph 236 of the Complaint.

237. Amgen denies the allegations in Paragraph 238 of the Complaint.

238. Amgen denies the allegations in Paragraph 238 of the Complaint.

239. Amgen denies the allegations in Paragraph 239 of the Complaint.

240. Paragraph 240 contains legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Amgen denies the allegations in Paragraph 240 of the Complaint. Amgen further notes that Paragraph 240 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware. That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

241. Amgen denies the allegations in Paragraph 241 of the Complaint.

242. Amgen denies the allegations in Paragraph 242 of the Complaint.

243. Amgen denies the allegations in Paragraph 243 of the Complaint.

"***Count Ten: Violation of New York's Donnelly Act, § 340 of New York's General Business Law ("GBL")***"

244. Amgen incorporates by reference its responses to Paragraphs 1 through 243 as if fully set forth herein.

245. Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States. Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®. Paragraph 245 contains legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required,

Amgen lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 245 of the Complaint, and on that basis, it denies them.

246.    Paragraph 246 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 246 of the Complaint.

247.    Amgen denies the allegations in Paragraph 247 of the Complaint.

248.    Amgen admits that Otezla® was Amgen's third largest product by U.S. revenues for the year ending December 31, 2022 and generated $1.79 billion in U.S. revenues in 2020. Amgen admits that Enbrel® was Amgen's largest product by U.S. revenues for the year ending December 31, 2022 and generated $4.855 billion in U.S. revenues in 2020.  Except as expressly admitted, Amgen denies the allegations in Paragraph 248 of the Complaint.

249.    Amgen denies the allegations in Paragraph 249 of the Complaint.

250.    Amgen denies the allegations in Paragraph 250 of the Complaint.

251.    Amgen denies the allegations in Paragraph 251 of the Complaint.

252.    Paragraph 252 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 252 of the Complaint.  Amgen further notes that Paragraph 252 of the Complaint purports to quote or characterize a brief filed by Amgen in patent litigation in the District of Delaware.  That brief speaks for itself and Amgen denies any characterization or description that is inconsistent therewith.

253.    Paragraph 253 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 253 of the Complaint.

254.    Amgen admits that Regeneron purports to seek the relief described in Paragraph 254.  Amgen denies that Regeneron is entitled to any relief, including the relief identified in Paragraph 254 of the Complaint.

255.    Amgen denies the allegations in Paragraph 255 of the Complaint.

256.    Paragraph 256 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amgen denies the allegations in Paragraph 256 of the Complaint.

"*Count Eleven: Tortious Interference with Prospective Business Relations*"

257.    Amgen incorporates by reference its responses to Paragraphs 1 through 256 as if fully set forth herein.

258.    Amgen admits that Repatha® and Praluent® compete for formulary access. Amgen admits that Repatha® and Praluent® were initially the only two PCSK9 inhibitors approved in the United States.  Amgen admits that on or about December 22, 2021, the FDA approved Novartis's drug Leqvio®.  Except as expressly admitted, Amgen denies the allegations in Paragraph 258 of the Complaint.

259.    Amgen denies the allegations in Paragraph 259 of the Complaint.

260.    Amgen lacks knowledge or information sufficient to form a belief as to what conversations Plaintiff claims it had with third-parties in Paragraph 260 and, on that basis, it denies them.  Amgen denies the remaining allegations in Paragraph 260 of the Complaint.

261.    Amgen denies the allegations in Paragraph 261 of the Complaint.

262.    Amgen denies the allegations in Paragraph 262 of the Complaint.

## "PRAYER FOR RELIEF"

Amgen admits that Regeneron purports to seek the relief described in the "Prayer for Relief."  Amgen denies that Plaintiff is entitled to any relief, including the relief sought in the Prayer for Relief.

## "JURY DEMAND"

Amgen admits that Regeneron purports to demand a trial by jury.  Amgen denies that any of the claims asserted against it in the Complaint are valid.

## AMGEN'S SEPARATE AND ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Amgen, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

## FIRST DEFENSE

Plaintiff has failed to state a claim, in whole or in part, upon which relief may be granted. Included in, but not limiting such challenge, Amgen reasserts all grounds set forth in its previously filed motions to dismiss any of the complaints consolidated into this matter as if fully reasserted here.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or waiver because, among other things, Plaintiff knowingly engages in or attempts to engage in the very same conduct it alleges and challenges in its Complaint.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the absence of antitrust injury because Plaintiff had no lawful right to sell its infringing product.

**FIFTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, to the extent an award of damages would result in unjust enrichment of Plaintiff.

**SIXTH DEFENSE**

Plaintiff's request for injunctive relief is barred in whole or in part by the existence of adequate remedies at law.

**SEVENTH DEFENSE**

Plaintiff's claims fail to the extent they seek injunctive relief against Amgen because there is no reasonable likelihood that Amgen will repeat any alleged violation.  Additionally, Plaintiff fails to allege facts and lacks evidence sufficient to support any granting of injunctive relief. Finally, Plaintiff's request for injunctive relief lacks the specificity required by Federal Rule of Civil Procedure 65.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Amgen did not know, and in the exercise of reasonable care could not have known, that any of its actions would have led to the harm alleged in the Complaint.

**NINTH DEFENSE**

Plaintiff's claims are barred because any alleged conduct by Amgen was not the cause, in law or in fact, of any injury Plaintiff allegedly suffered, and Plaintiff's alleged losses were not actually or proximately caused by Amgen.

**TENTH DEFENSE**

Plaintiff's claims are frivolous, unreasonable, and groundless, and accordingly, Amgen should recover all attorneys' fees, costs, and expenses incurred in defending this action.

**ELEVENTH DEFENSE**

Plaintiff did not suffer injury or damages by reason of any act or omission by Amgen.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because it has not sustained any cognizable injury or antitrust injury caused by any action of Amgen.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any conduct by or on behalf of Amgen alleged in the Complaint was taken independently in good faith and was legally or equitably protected by applicable privileges, and/or was undertaken in pursuit of legitimate business interests.

**FIFTEENTH DEFENSE**

Any conduct engaged in by Amgen was not anticompetitive and cannot support a claim sounding in antitrust.  Indeed, at all times Amgen's actions and practices that are the subject of the Complaint were lawful, procompetitive, justified under the rule of reason, and caused no injury to competition.

**SIXTEENTH DEFENSE**

Insofar as Plaintiff alleges that Amgen violated the antitrust rule of reason, such claims are barred, among other reasons, because the Complaint does not allege a properly defined relevant

market, and because the Complaint does not allege how procompetitive effects of Amgen's legitimate activities are outweighed by anticompetitive effects.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because customers enjoyed the procompetitive benefits of Amgen's rebates or price reductions.

## EIGHTEENTH DEFENSE

Any injuries, losses, or damages suffered by Plaintiff were proximately caused by its own actions, regardless of whether contributory, negligent, incompetent, careless, or reckless.

## NINETEENTH DEFENSE

Plaintiff's injuries, losses, or damages (if any) which were not proximately caused by its own actions resulted from the acts or omissions of third parties over whom Amgen had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## TWENTY-FIRST DEFENSE

Any damages that Plaintiff alleges to have suffered are too remote, speculative, and/or uncertain to allow for a recovery.  Such damages are not capable of ascertainment and allocation.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to mitigate its damages, if any, and recovery should be reduced or denied accordingly.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they seek to impose improper or excessive treble damage awards, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**ADDITIONAL DEFENSES AND COUNTERCLAIMS**

Amgen reserves the right to raise any additional defenses, cross-claims, counter-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Amgen requests entry of judgment in its favor and against Plaintiff as follows:

a.   An order declaring that Plaintiff takes nothing on the claims asserted in the Complaint against Amgen;

b.   A judgment dismissing with prejudice the remaining claims against Amgen in Plaintiff's Complaint;

c.   A judgment awarding Amgen its costs, expenses, and reasonable attorneys' fees;

d.   An order denying Plaintiff recovery of any costs; and

e.   An order awarding Amgen any such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Amgen hereby demands a trial by jury in this action.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

GIBSON, DUNN & CRUTCHER LLP
Eric J. Stock
Ben A. Sherwood
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Stephen Weissman
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
(202) 955-8500

Ashley E. Johnson
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100

Dated:  April 4, 2023            *Attorneys for Amgen Inc.*

30250836.1