IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC.<br><br>Defendant. | C.A. No.:  22-cv-00697-RGA-JLH<br><br>JURY TRIAL DEMANDED |

### [PROPOSED] SCHEDULING ORDER

This 12th day of April, 2023, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within fourteen days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference.

2. <u>Joinder of Other Parties.</u> All motions to join other parties shall be filed on or before August 25, 2023.

1

3. **Amendment of Pleadings.** All motions to amend or supplement the pleadings shall be filed on or before August 25, 2023.

4. **Application to Court for Protective Order.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 9(i) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **ESI Protocol.** The parties shall jointly agree to an ESI Protocol within fourteen days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed ESI Protocol, the parties may extend this deadline by mutual consent without further action by the Court for an additional thirty days, and if no agreement is reached by that time, counsel must follow the provisions of Paragraph 9(i) below. For the avoidance of doubt, nothing in this Paragraph 5 will apply to, or impact the timing of, the production of documents in Paragraph 9(b)-(c).

6.         <u>Papers and Proceedings Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

7.         <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

8.         <u>ADR Process.</u> The Court will no longer automatically refer cases for alternative dispute resolution. Parties in nonpatent and nonsecurities cases may request a referral to a Magistrate Judge for alternative dispute resolution. *See* the Court's Standing Order No. 2022-2 dated March 14, 2022.

9.         <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

(a) <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before December 22, 2023 for close of fact discovery and April 19, 2024 for expert discovery.

(b) <u>Production of Contracts.</u> Each party shall produce substantially all of its contracts it has for prescription drug coverage in effect as of January 1, 2019 through the present with any of the Third-Party Payors[1] by May 15, 2023.

(c) <u>Production of Custodial Documents From Contract Negotiators, and Related Depositions.</u> Each party shall produce custodial documents from agreed upon custodians involved in contract negotiations for the contracts described in Paragraph 9(b) by June 23, 2023. Amgen's production shall include "any documents that are likely to evidence any sort of bundling or any contract terms." Transcript of April 4, 2023 Teleconference before Judge Hall at 19:16-18.

(d) <u>Document Production Substantial Completion.</u> Document production shall be substantially complete by October 17, 2023.

(e) <u>Requests for Admission.</u> A maximum of 35 requests for admission are permitted for each side, with requests for admission of authenticity or admissibility of documents counting each as a single request for admission.

(f) <u>Interrogatories.</u>

   i   A maximum of 25 interrogatories, including contention interrogatories and all subparts, are permitted for each side.

---

[1] Third Party Payors, including, but not limited to: Aetna, Anthem, Ascent Health Services, Cigna, CVS Caremark Services Part D, CarmarkPCS, Elixir Rx Solutions, Express Scripts, Emisar Pharma Services, Health Net, Humana, Independent Health Association, Kaiser, Magellan, MC-21 Healthcare, MedImpact/Dividend Group, Navitus Health Solutions, PerformRx, Prime, UnitedHealthcare/OptumRX, Ventegra, VA/Tricare, Wellcare, and Zinc.

      ii  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

 (g) <u>Depositions</u>.

      i  <u>Limitation on Hours for Deposition Discovery.</u> Each party is limited to a total of 100 hours of taking testimony by deposition upon oral examination, including up to ten Rule 30(b)(1) depositions plus one 30(b)(6) deposition per side, and no more than 15 non-party depositions per side. For purposes of counting time, only the time that a party questions a deponent on direct or re-direct will be attributed to that party.

      ii  <u>Depositions.</u> Depositions relating to the discovery contemplated in Paragraphs 9(b) and 9(c) may be taken by July 28, 2023.[2]

      iii  <u>Number of Depositions.</u> The Parties shall follow the Court's directions as set forth at April 4, 2023 teleconference with the Court.[3]

      iv  <u>Location of Depositions.</u> Any party or representative

---

[2] *See* Transcript of April 4, 2023 Teleconference before Judge Hall at 19:15-21 ("I want to make sure you're giving them, by that deadline, any documents that are likely to evidence any sort of bundling or any contract terms and that you've ID'ed all the people that might have knowledge of that and make them available for deposition before you file that motion for leave to file early summary judgment.")

[3] *See, e.g.*, Transcript of April 4, 2023 Teleconference before Judge Hall at 19:22-20:2 ("You made a comment that they would be able to take second depositions of those people for good cause. I'm inclined to just say they can take second depositions of those people even without good cause."); *see also* Tr. at 21:19-22:2 ("The default is going to be that they're going to get to have a second deposition of these folks. If you think they're going to be up to no good and asking the same questions, you can try to work that out with them without court [inter]vention. If you need to file for a discovery dispute teleconference to move for a protective order, you can do that.").

(officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or agreed to by the parties. The parties agree that for the depositions of current employees, officers, directors, or managing agents, the depositions shall be taken in locations jointly agreed upon by the parties, or otherwise at a reasonable location of the deponent's choosing within fifty miles of the deponent's residence or a party's headquarters. If the taking party believes the chosen location is unreasonable, and the parties cannot reach an agreement on a reasonable alternative location, then the parties can submit their respective desired locations for the deposition to the Court to decide. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

        (h)     <u>Disclosure of Expert Testimony</u>.

                i     <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 19, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 8, 2024. Reply expert reports from the party with the initial burden of proof are due on or before April 1, 2024. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

                ii     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it

shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing shall be presented pursuant to the Court's Local Rules.

        (i)        <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i        Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii        Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

        iii        The Court will thereafter order a telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

     iv  Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

     v  Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

10. <u>Motions to Amend / Motions to Strike</u>.

(a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 9(i), above.

(b) Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

11. <u>Case Dispositive Motions</u>.

(a) If Amgen seeks leave to serve and file a motion for summary judgment arising out of the discovery sought in Paragraphs 9(b) and 9(c) by August 31, 2023, such motion for leave shall be accompanied by a letter, not to exceed three pages for motion for leave to file a summary judgment motion, and not to exceed a total of five pages if a motion to stay discovery is also sought.[4] To oppose such a motion, Regeneron shall file a letter in opposition, subject to

---

[4] *See* Transcript of April 4, 2023 Teleconference before Judge Hall at 5:14-23 ("I'm going to say that any party may seek leave to file summary judgment or other motions, so I'm subtracting Amgen's language now, except it shouldn't be serve and file. It should say seek leave to file summary judgment or other motions arising out of discovery relating to contracts and contract negotiations and affidavits, if any, in support thereof on or before and that should be the end of August 2023.").

the same page limit, by September 8, 2023. The Court may schedule a conference to discuss the motion for leave. If leave to file is granted, Amgen may not file, without first seeking leave from the Court to file, any additional motion for summary judgment.[5]

(b) In the event Amgen does not seek leave to file a motion for summary judgment pursuant to Paragraph 11(a), or if Amgen is not granted leave to file such motion, or if Amgen is granted leave to file an additional motion, Amgen's case dispositive motion, opening brief, and affidavit(s), if any, in support of the motion shall be served and filed on or before May 20, 2024. Opposition briefs shall be served and filed on or before June 20, 2024. Reply briefs shall be served and filed on or before July 12, 2024. If Regeneron files a motion for summary judgment, or any other case dispositive motion, it shall follow the timing in this Paragraph 11(b).

(c) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.

---

[5] *See* Transcript of April 4, 2023 Teleconference before Judge Hall at 6:7-11 ("So it should also say that if leave to file an early summary judgment motion is granted, the moving party does not get to file another round of summary judgment motions later in the case."); *see also* Tr. 22:5-7 ("You could file a motion with the Court, but it's not going to be permitted as a matter of right.").

Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Supreme Court ruling in *Amgen Inc. v. Sanofi*</u>. Within fourteen (14) days of any Supreme Court ruling in *Amgen Inc. v. Sanofi*, U.S. 21-757, each Party shall file a status report of up to four (4) pages addressing any issues relating to this case. The Court may thereafter order a teleconference.

14. <u>Pretrial Conference</u>.  On November 1, 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be

limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

17. <u>Trial</u>.  This matter is scheduled for a seven (7) day** trial beginning at 9:30 a.m. on November 12, 2024, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. The Court will determine the final number of trial days and hours at the pretrial conference.

 ** The number of trial days will be determined at the pretrial conference.

WILKS LAW, LLC

/s/ David E. Wilks
David E. Wilks (DE Bar No. 2793)
Scott B. Czerwonka (DE Bar No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Fax: (302) 225-0851


WEIL, GOTSHAL & MANGES LLP

Elizabeth Stotland Weiswasser (admitted *pro hac vice*)
Jonathan D. Polkes (admitted *pro hac vice*)
Eric S. Hochstadt (admitted *pro hac vice*)
Adam B. Banks (admitted *pro hac vice*)
Jessica L. Falk (admitted *pro hac vice*)
Robert Niles-Weed (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Fax: (212) 310-8007

Michael R. Moiseyev (admitted *pro hac vice*)
Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7000
Fax: (202) 857-0940
*Attorneys for Regeneron Pharmaceuticals, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp
Melanie K. Sharp (DE Bar No. 2501)
James L. Higgins (DE Bar No. 5021)
Taylor E. Hallowell (DE Bar No. 6815)
1000 North King Street
Wilmington, DE 19801
Telephone: (302)571-6600

msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

GIBSON, DUNN & CRUTCHER LLP

Eric J. Stock (admitted *pro hac vice*)
Ben A. Sherwood (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

Stephen Weissman (admitted *pro hac vice*)
Richard G. Parker (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, NW
Washington, D.C. 20036-5306
Telephone: (202) 955-8500

Ashley E. Johnson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100

*Attorneys for Amgen Inc.*

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

**APPENDIX**

| Event | Proposed Deadline |
|---|---|
| Production of Contracts | May 15, 2023 |
| Custodial Document Production Relating to Contract Negotiations Substantial Completion | June 23, 2023 |
| Early Depositions of Witnesses Relating to Contract Negotiations May Take Place By this Date | July 28, 2023 |
| Any motion for leave to file Summary Judgment Motion May Be Filed | August 31, 2023 |
| Last Day: Joinder of Other Parties, Amend or Supplement Pleadings | August 25, 2023 |
| Document Production Substantial Completion | October 17, 2023 |
| Close of Fact Discovery | December 22, 2023 |
| Opening Expert Reports Due | January 19, 2024 |
| Rebuttal Expert Reports Due | March 8, 2024 |
| Reply Expert Reports Due | April 1, 2024 |
| Close of Expert Discovery | April 12, 2024 |
| Summary Judgment Motions Due | May 20, 2024 |
| Summary Judgment Oppositions Due | June 20, 2024 |
| Summary Judgment Replies Due | July 12, 2024 |
| Summary Judgment Oral Argument | To Be Set by the Court |
| Final Pre-Trial Conference | November 1, 2024 |
| Jury Trial | November 12, 2024 |