**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No.: Case #1:22-cv-00697-RGA-JLH |
| AMGEN INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Regeneron Pharmaceuticals, Inc. and Defendant Amgen Inc. expect discovery requests made in this Litigation to encompass certain information which may constitute trade secrets and/or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(l)(G) for which special protection from public disclosure and from use for any purpose other than in this Litigation is warranted, the Parties, by and through their respective Outside Counsel, HEREBY STIPULATE to the entry of this Protective Order regarding discovery in District of Delaware Civil Litigation No. 1:22-cv-00697-RGA-JLH, including any appeals therefrom (herein "Litigation").

**DEFINITIONS**

1. "Affiliate" means any Third Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this Litigation.

2. "ATTORNEYS' EYES ONLY" means any CONFIDENTIAL information that is of such a private, sensitive, competitive, or proprietary nature that present disclosure or dissemination to persons other than those identified in Paragraph 33 would reasonably be expected

1

to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party or create a substantial risk of serious harm that could not be avoided by less restrictive means. A designation of ATTORNEYS' EYES ONLY constitutes a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

3.     "CONFIDENTIAL" means information that constitutes, contains, reveals, or reflects trade secrets or other confidential research, development, business, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(l)(G), including but not limited to: scientific and technical information; financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information; and includes such confidential and proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates. Provisions of this Protective Order relating to CONFIDENTIAL information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, CONFIDENTIAL information, and all copies, excerpts, and summaries thereof.

4.     "CONFIDENTIAL, ATTORNEYS' EYES ONLY, and/or OUTSIDE COUNSEL ONLY Discovery Material" means Discovery Material a Producing Party designates as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY pursuant to Paragraphs 20 and 21 of this Protective Order.

5.     "Designated Inside Counsel" means in-house attorneys that may be designated during this Litigation pursuant to Paragraph 33(b) of this Protective Order.

6.     "Discovery Material" means all documents, depositions, pleadings, exhibits, and all other material or information produced or disclosed in discovery in this Litigation, including

2

responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Rule 45, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation. This Protective Order and protections herein shall apply to all Discovery Material.

7.      "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its Inside or Outside Counsel to serve as an expert witness or as a consultant in this Litigation, and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

8.      "Inside Counsel" means any attorney who is an employee of a Party.

9.      "Litigation" means the action captioned *Regeneron Pharmaceuticals, Inc., v. Amgen Inc.*, No. 22 civ. 00697 (RGA)(JLH) including any appeals therefrom.

10.     "Outside Counsel" means any attorney from a law firm that has had at least one attorney appear as counsel of record for a Party in this Litigation and who is not an employee of a Party or of an Affiliate of a Party.

11.     "OUTSIDE COUNSEL ONLY" means any CONFIDENTIAL information that is not related to products at issue in this Litigation contained exclusively in: (1) materials or presentations given to, or prepared in connection with a meeting of, the Producing Party's Board of Directors, including all PowerPoint presentations or PDFs of such presentations; and (2) contracts for prescription drug coverage with third party payors. OUTSIDE COUNSEL ONLY

information can only be accessed by persons identified in Paragraph 33 with the exception of persons described in Paragraph 33(b). A designation of OUTSIDE COUNSEL ONLY constitutes a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

12.     "Party" means a party to this Litigation.

13.     "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

14.     "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing documents for production or redaction, preparing privilege logs or exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium; jury consulting, mock trial coordination) and their employees and subcontractors.

15.     "Protective Order" means this Stipulated Protective Order.

16.     "Receiving Party" means any Party that receives information produced or otherwise disclosed by any Producing Party.

17.     "Termination" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

18.     "Third Party" means a person or entity who is not a Party.

19.     *Scope*:   The scope of this Order shall be understood to encompass material designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY

and also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony, documents, and/or oral conversations that reveal all or part of such CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY material.

### DESIGNATION

20.     Any Producing Party may designate Discovery Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY in accordance with this Protective Order if such Party in good faith believes that such Discovery Material contains CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY information as defined in Paragraphs 2, 3, and 11.

21.     In the event that a Third Party fails to designate Discovery Material produced in this Litigation, a Receiving Party can, in accordance with this Protective Order and if such Party in good faith believes that such Discovery Material contains such Party's CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY information as defined in Paragraphs 2, 3, and 11, such Party may designate the Third Party Discovery Materials as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY.

22.     "Discovery Material" may, as appropriate, be marked by the Producing Party with the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or OUTSIDE COUNSEL ONLY and the Producing Party must use reasonable efforts to ensure that such legend appears on each page of each file as the format permits.

23.     Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, shall be treated as though it were designated ATTORNEYS' EYES ONLY provided that, prior to or at any time up to thirty (30) days (as calculated by Fed. R. Civ. P. 6) after the inspection, the Party permitting inspection specifically identifies in writing which of the Discovery Material that

will be or that was disclosed by the inspection is to be designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY,  or OUTSIDE COUNSEL ONLY. There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any Party shall be conducted by persons eligible under Paragraphs 32, 33, or 36 below.

24.     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as ATTORNEYS' EYES ONLY for thirty (30) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Producing Party, but not thereafter unless, before the thirty (30) day period has expired, Outside Counsel for the Producing Party notifies Outside Counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY and specifies in writing the portions of the transcript that disclose CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material. Counsel for any Party or Third Party also may designate the transcript or portions thereof to be CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material during the deposition. The appropriate legend described in Paragraph 25 shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material.  The Parties are responsible for treating copies of transcripts that contain CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery material, but which are issued prior to the appropriate legend being affixed, consistently with the appropriate confidentiality designation.

25.     Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE

COUNSEL ONLY Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures. The filing Party must include a header on each page of the brief or other filing, one of the following legends: "CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION or "CONTAINS DEFENDANT'S CONFIDENTIAL INFORMATION" or "CONTAINS PLAINTIFF'S AND DEFENDANT'S  CONFIDENTIAL INFORMATION" or "CONTAINS THIRD  PARTY'S CONFIDENTIAL INFORMATION." If the filed material contains, describes, or discusses ATTORNEYS' EYES ONLY Discovery Material, it shall contain one of the following legends:  "CONTAINS PLAINTIFF'S ATTORNEYS'  EYES  ONLY  INFORMATION  or  "CONTAINS  DEFENDANT'S ATTORNEYS' EYES ONLY INFORMATION" or "CONTAINS PLAINTIFF'S AND DEFENDANT'S  ATTORNEYS' EYES ONLY INFORMATION"  or  "CONTAINS  THIRD PARTY'S ATTORNEYS' EYES ONLY INFORMATION."  If the filed material contains, describes, or discusses OUTSIDE COUNSEL ONLY Discovery Material, it shall contain one of the following legends:  "CONTAINS  PLAINTIFF'S  OUTSIDE  COUNSEL  ONLY INFORMATION  or  "CONTAINS  DEFENDANT'S  OUTSIDE  COUNSEL  ONLY INFORMATION"  or  "CONTAINS  PLAINTIFF'S  AND  DEFENDANT'S   OUTSIDE COUNSEL ONLY INFORMATION"  or  "CONTAINS  THIRD  PARTY'S OUTSIDE COUNSEL ONLY INFORMATION." The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court. Outside Counsel for the Party filing papers containing, describing, or discussing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(l) of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means dated October 16, 2014. Within three (3)

business days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public version of the filing that was made under seal if it contains the non-filing Party's CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material, and this proposed public version shall include redactions to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material. Within three (3) business days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes are appropriate. Redacted versions of papers filed under seal may be made publicly available provided that (a) all CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material is redacted (*i.e.* the redactions described in the preceding sentence are implemented); and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

## **USE**

26.     CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material produced by a Party or Third Party may be used by the Receiving Party only for purposes of this Litigation. CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material shall not be used for any other purpose including, but not limited to, any other lawsuit (which, for clarity, includes any other lawsuit between the Parties or involving any other party), patent office proceeding, or other dispute resolution proceeding, in the preparation or prosecution of any patent application, or for any other business, proprietary, commercial, governmental, or regulatory purpose, domestic or foreign. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including its own CONFIDENTIAL, ATTORNEYS' EYES ONLY, or

OUTSIDE COUNSEL ONLY Discovery Material for purposes other than this Litigation.

27.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order or agreed to by the Producing Party, Outside Counsel or Designated Inside Counsel for a Party may show a fact deponent or witness CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material of another Party or Third Party if, and only if, the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material reveals on its face that the fact deponent or witness authored the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material or received the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material in the ordinary course of business and outside the context of this Litigation. For the avoidance of doubt, nothing in this Paragraph shall preclude a Producing Party from showing its own Discovery Material to its own fact deponent or witness (or from otherwise using it for any purpose), regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY and regardless of whether such fact deponent or witness is an author or recipient of the Discovery Material.

28.    At the deposition of any fact witness, unless agreed to by the Producing Party, such witness may be shown CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material of another Party or Third Party if, and only if, the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material reveals on its face that the deponent or witness authored the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material or received the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material in the ordinary course of business and outside the context of this Litigation.

9

29.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order or agreed to by the Producing Party, a corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area may be shown CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material of another Party or Third Party that is within the scope of the 30(b)(6) notice and for which the person is being offered to provide testimony if, and only if, the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material reveals on its face that an employee or agent of the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) authored the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material or received the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material in the ordinary course of business and outside the context of this Litigation. Nothing in this Paragraph shall preclude a Producing Party from showing Discovery Material that it has produced to its own corporate representative, regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY and regardless of whether such corporate representative is an author or recipient of the Discovery Material.

30.     At the deposition of any corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area, unless agreed to by the Producing Party, such deponent or witness may be shown CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material of another Party or Third Party that is within the scope of the 30(b)(6) notice and for which the person is being offered to provide testimony if, and only if, the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material  reveals on its face that an employee

or agent of the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) authored the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material or received the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material outside the context of this Litigation.

31.     Third Parties may designate as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY deposition transcripts of their witnesses and any Discovery Material that they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties, and any such CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material shall be treated by the Parties in the same manner as the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material produced by another Party. With respect to any of its own Discovery Material it designates as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY under this Protective Order, Third Parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order.

## DISCLOSURE OF CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY DISCOVERY MATERIAL

32.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "CONFIDENTIAL" may be disclosed by the Receiving Party only to the following persons:

a)      those identified in Paragraph 33(a)-(h); and

b)      personnel of the Parties only if personnel are actively and actually engaged in a material way in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder.

33.     Unless otherwise directed by the Court or authorized in writing by the Producing

Party, Discovery Material designated as "ATTORNEYS' EYES ONLY" may be disclosed by the Receiving Party only to the following persons:

a)      Any Outside Counsel and support personnel such as law clerks, paralegals, secretaries, and clerical staff assisting in connection with this Litigation.

b)      Up to five (5) Designated Inside Counsel for Regeneron  and up to five (5) Designated Inside Counsel for Amgen, whose names the Parties will exchange via email upon the entry of this Protective Order, and support personnel such as law clerks, paralegals, secretaries, and clerical staff assisting in connection with this Litigation who, because of their duties and responsibilities, require access to ATTORNEYS' EYES ONLY Discovery Material, provided such Designated Inside Counsel and support personnel have no current involvement and will not have involvement for the duration of this Litigation in any marketing, financial, or other payor-access or business competitive decision-making (not including decision-making as an attorney in the litigation) relating to any products in this Litigation. For the avoidance of any doubt, and by way of example only, the foregoing sentence shall not prohibit (i) a Designated Inside Counsel's mere attendance at a meeting or participation in a conversation where marketing, financial, or other payor-access or business competitive decision-making may be mentioned or discussed, or (ii) a Designated Inside Counsel's receipt of information in order to provide, or the provision of, legal advice relating to actual or potential business conduct. This bar shall begin when access to ATTORNEYS' EYES ONLY information is first received by the affected individual and shall end eighteen (18) months after Termination of this Litigation or eighteen (18) months after the Receiving Party makes it known to the Producing Party that the Designated Inside Counsel is being replaced or otherwise removed from having access to CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material. A Receiving Party that makes a request to add or replace a Designated Inside Counsel other than those named above may disclose ATTORNEYS' EYES ONLY information to the identified

Designated Inside Counsel within seven (7) days of such designation in writing to all Producing Parties who have disclosed CONFIDENTIAL or ATTORNEYS' EYES ONLY material unless a written objection from any Producing Party is received within seven (7) days of the disclosure of the identity of the proposed Designated Inside Counsel to the Producing Party. Any such objection by a Producing Party must set forth in detail the grounds on which such objection is based and be made in good faith. Upon receipt of the written objection the Receiving Party must timely meet and confer with the objecting Producing Party to attempt to resolve the matter within seven (7) days of the date of service of the objection. If no agreement is reached, the objecting Producing Party may apply to the Court for a protective order or other appropriate relief no later than twenty-one (21) days after the meet and confer. If such application or motion is filed by the objecting Producing Party, the Receiving Party shall not disclose the ATTORNEYS' EYES ONLY information to the proposed Designated Inside Counsel subject to the objection unless and until the Court rules otherwise.

c)       Contract attorneys retained by a Party's Outside Counsel or Inside Counsel for the sole purpose of assisting with document review in this Litigation.

d)       Any Expert and any specific personnel who directly support such Expert's work, are necessary to conduct such Expert's work, and are working under the direction and supervision of such Expert, who are expressly retained by any Outside Counsel or Inside Counsel to assist in the preparation of this Litigation for trial or to serve as a testifying expert, with disclosure only to the extent necessary to perform such work. Such Experts and support personnel must have no current involvement and will not have involvement for the duration of this Litigation in any marketing, financial, or other payor-access or business competitive decision-making (not including decision-making as an Expert in the Litigation) relating to any Party's products. Such Experts and support personnel agree to institute reasonable precautions to prevent non-Expert and

support personnel from accessing ATTORNEYS' EYES ONLY and OUTSIDE COUNSEL ONLY information. This bar shall begin when access to ATTORNEYS' EYES ONLY and/or OUTSIDE COUNSEL ONLY information is first received by the Expert and support personnel and shall end eighteen (18) months after Termination of this Litigation or eighteen (18) months after the Receiving Party makes it known to the Producing Party that the Expert or support personnel is being replaced or otherwise removed from having access to CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material. This bar is limited to only the Expert and support personnel retained in this Litigation.

   e) Any interpreter, or court reporter, or other shorthand reporter or typist translating, recording, or transcribing documents or testimony in connection with this Litigation.

   f) Professional Vendors, as defined in Paragraph 14;

   g) Personnel of the Court, all appropriate courts of appellate jurisdiction, and the jury.

   h) Any other person requested by the Receiving Party and agreed to by the Producing Party in writing pursuant to the notice provision set forth below.

  34. ATTORNEYS' EYES ONLY and OUTSIDE COUNSEL ONLY Discovery Material shall not be disclosed to persons described in Paragraphs 33(d) or (h) or jury consultants under (f) unless and until such person has executed an acknowledgement in the form attached as Exhibit A. Either Outside Counsel or Inside Counsel must maintain a copy of the executed Exhibit A for each individual falling under Paragraphs 33(d) and (h) and each jury consultant under (f) during the Litigation and for a period of one year thereafter.  As a condition precedent to disclosure of any ATTORNEYS' EYES ONLY and/or OUTSIDE COUNSEL ONLY Discovery Material to an individual described above in Paragraph 33(d) or (h), at least ten (10) days (as calculated by Fed. R. Civ. P. 6) before the disclosure of the ATTORNEYS' EYES ONLY and/or OUTSIDE COUNSEL ONLY Discovery Material is made, Outside Counsel for the Receiving Party shall

14

provide written notice to the Producing Party identifying such individual by name and including a curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties, all consulting engagements in the past four (4) years, all cases in which the individual has testified in a deposition or a trial in the past four (4) years, and the executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  If a Producing Party objects to the proposed disclosure to such individual, the Parties shall promptly confer in good faith to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than fifteen (15) days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit A and CV or resume.  The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive ATTORNEYS' EYES ONLY and/or OUTSIDE COUNSEL ONLY Discovery Material under the Protective Order.  ATTORNEYS' EYES ONLY and/or OUTSIDE COUNSEL ONLY Discovery Material shall not be disclosed to such individual pending the Court's resolution of the dispute.  The foregoing ten (10) and fifteen (15) day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

35.     ATTORNEYS' EYES ONLY Discovery Material shall not be disclosed to persons described in Paragraph 33(b) unless and until such person has executed an acknowledgement in the form attached as Exhibit B. Either Outside Counsel or Inside Counsel must maintain a copy of the executed Exhibit B for each individual falling under Paragraph 33(b) during the Litigation and for a period of one (1) year thereafter.

36.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "OUTSIDE COUNSEL ONLY" may be disclosed by the

Receiving Party to persons described in Paragraph 33 with the exception of persons described in Paragraph 33(b).

37.     The recipient of any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information. CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material produced in electronic form to a Receiving Party shall be maintained on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 32, 33, and/or 36.

## EXEMPTED MATERIALS AND OBJECTION TO DESIGNATIONS

38.     Any Receiving Party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY. The process for making an objection to the designation of Discovery Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY and for resolving the dispute shall be as follows:

a)     Outside Counsel for the Receiving Party shall notify Outside Counsel for the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material as well as the reasons for the objection.

b)     The Receiving Party shall thereafter have the burden of promptly conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested Third Party) in a good faith effort to resolve the dispute.

16

c)      Failing agreement, the Receiving Party may apply to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party asserting the claim of confidentiality bears the burden to establish that the Discovery Material is CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY as defined in Paragraphs 2, 3, or 11 and entitled to such protection under this Protective Order.

39.     Discovery Material is not properly designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY under Paragraph 2, 3, or 11 if it has/had been:

a)      available to the public at the time of its production hereunder;

b)      available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

c)      known to such Receiving Party, or shown to have been independently developed by such Receiving Party through evidence to be presented in-camera to the Court, prior to its production herein without the use or benefit of Discovery Material and without the benefit of materials that are subject to confidentiality requirements, including, but not limited to, confidential discovery information received by a Party in other cases;

d)      obtained in the ordinary course of business and outside of this Litigation by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY or comparable confidentiality requirements; provided, however, that this provision does not negate a protective order in another action or any other pre-existing obligation of confidentiality;

e)      previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or any Third Party without an obligation of confidentiality, and which was not

clawed back or otherwise designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY after production consistent with this Order; or

        f)     obtained by the Receiving Party from a Third Party provided the production by the Third Party did not violate this Protective Order or other confidentiality requirements.

    Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the Party who designated the material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## INADVERTENT PRODUCTION/DESIGNATION

    40.    Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. Proc. 26(b)(5), the inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine, or any other privilege or immunity will not waive the attorney-client privilege, attorney work-product doctrine, or other privilege or immunity in this case or in any other federal or state proceeding, including any arbitration, mediation, or similar proceeding. For example, the mere production of privileged or work-product-protected documents in this Litigation as part of a mass production is not itself a waiver in this Litigation or in any other federal or state proceeding, including any arbitration, mediation, or similar proceeding. Further, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. If a Party has inadvertently produced information subject to a claim of privilege or immunity, upon written notice by the Producing Party, the document and all copies thereof shall be returned promptly, or a signed verification by Outside Counsel for the Receiving Party certifying

that all copies have been destroyed shall be provided to Outside Counsel for the Producing Party no later than fifteen (15) days (as calculated by Fed. R. Civ. P. 6), after a request is made by the Producing Party, as required by Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those previously permitted under this section, referring to or relating to any such inadvertently produced information subject to a claim of privilege or immunity shall be destroyed, and a Producing Party may request that the Receiving Party provide a verification of such destruction, which verification shall not be denied or unreasonably delayed. After the return or destruction of the document(s), and the certification thereof in accordance with this Section, the Receiving Party may challenge the Producing Party's claim(s) of privilege, work product, or immunity by making an application to the Court. If the Receiving Party intends to challenge the claim of privilege or inadvertence it may, upon written notice to the Producing Party, sequester one copy of the document or tangible item at issue for submission to the Court under seal for determination of the claim as provided by Fed. R. Civ. P. 26(b)(5)(B) and may use such material solely for the purpose of such challenge.

41. The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY shall not be a waiver of such designation. The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY shall not preclude designating the material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY, or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The Receiving Party in receipt of Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY shall not be in violation of this Protective Order for any use made of such Discovery Material before the Receiving Party is

19

informed of the inadvertent failure to designate. The Producing Party who fails to make such designations shall inform the Receiving Party of the inadvertent failure to properly designate Discovery Material promptly after the failure to designate first became known to the Producing Party. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are destroyed, returned promptly to the Producing Party, or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Protective Order. The Producing Party may request a list of persons, if any, to whom such Discovery Material was distributed, which request shall not be denied or unreasonably delayed.

42.     In the event of disclosure of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## RETURN/DESTRUCTION OF MATERIALS

43.     Not later than seventy-five (75) days (as calculated by Fed. R. Civ. P. 6) after the Termination of this Litigation, all CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE

COUNSEL ONLY Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each Outside Counsel law firm and each Party may retain one (1) archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Discovery Material, and provided that such Outside Counsel law firm, Party, and their respective employees shall not disclose any Party's CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 37. The archival copies retained by the Parties shall be maintained by their respective legal departments, and shall not be accessible to any non-lawyer or law support staff unless agreed to in writing by the Producing Party. Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the Termination of this Litigation, the Party receiving any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material shall certify in writing that all such material except the permitted archival copies described above has been returned or destroyed.

## **MISCELLANEOUS PROVISIONS**

44.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and except as expressly provided, shall not relieve any party

of the obligation of producing information in the course of discovery.

45.     A Producing Party may, in good faith, redact Discovery Material for information that is subject to the attorney-client privilege or to work product immunity. Each such redaction contemplated by this Paragraph, regardless of size, shall be clearly labeled and shall include the basis for the redaction. This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work product immunity shall be listed on a privilege log stating the basis for such redaction, pursuant to Federal Rule of Civil Procedure 26(b)(5) and the ESI Protocol entered in this Litigation, except that the Parties shall not be required to provide a privilege log for any privileged communications or work product that post-dates the filing of the first complaint.

46.     If at any time CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material of a Producing Party is subpoenaed from a Receiving Party by any court, arbitral, administrative or legislative body, or must be provided in connection with a governmental or regulatory investigation, the person to whom the subpoena or other request is directed, or who is overseeing the investigation on behalf of the Receiving Party, shall immediately give written and email notice pursuant to the provisions of Paragraph 48 and shall provide the Producing Party with an opportunity to object to the production of such materials. The Producing Party shall notify the Receiving Party within ten (10) days whether they plan to seek protection against disclosure.  If the Producing Party does not move for a protective order within thirty (30) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, the Receiving Party to whom the subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the thirty (30) day notice period, such material in response thereto, under a protective order (or other legal requirement of confidentiality if a Protective Order is not feasible under the circumstances) with confidentiality provisions equal to or more restrictive than those of this

22

Protective Order. Anything produced by a Receiving Party to a governmental body pursuant to this Paragraph shall be conspicuously marked as "FOIA EXEMPT" or a similar stamp for state FOIA analogues.

47.     Outside or Inside Counsel for a Party attending a deposition shall have the right to exclude from depositions, other than the deponent, any person who is not authorized under this Protective Order to receive CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material.  If material is used during a deposition that was inadvertently produced with an improper confidentiality designation, a Producing Party may designate such material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY on the record at the deposition and exclude individuals from the deposition during the periods that such information is being discussed in accordance with this paragraph.  The failure of individuals, other than individuals permitted to view the confidential information under this Protective Order, to leave the deposition room during any portion of the deposition that inquires into matters designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY by the designating party shall constitute justification for Outside Counsel to instruct the witness that he or she should not answer the question.

48.     All notices during this Litigation required by this Protective Order are to be made by email to a Party's Outside Counsel (including, if available, to Outside Counsel's service distribution email address designated for this Litigation) and all notices subsequent to the Termination of Litigation are to be made by email and U.S. mail to a Party's Outside Counsel and Designated Inside Counsel. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice, except as otherwise specifically

provided for in this Protective Order. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by Outside Counsel or Designated Inside Counsel for the Producing Party against which the waiver would be effective.

49.     Nothing in this Protective Order shall bar or otherwise restrict any Outside Counsel or Designated Inside Counsel from rendering advice to their client with respect to this Litigation and, in the course thereof, relying in a general way upon their examination of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material produced or exchanged in this Litigation: provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material under this Protective Order, the Outside Counsel or Designated Inside Counsel shall not disclose the contents of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material produced by any other Party or Third Party.

50.     Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document, communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

51.     Each person or entity who receives CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material agrees to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

52.     This Order may be amended by the agreement of Outside Counsel for the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval. The Court retains the right to allow disclosure of

any subject or CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

53.     Neither the Termination of this Litigation nor the termination of employment at a Party of any person with access to any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Discovery Material shall relieve a Party from the  obligation  of maintaining the confidentiality of such information. The Court shall retain jurisdiction to enforce the terms of the Protective Order after Termination of the Litigation.

54.     <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Discovery Materials that have been designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY pursuant to this Protective Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

WILKS LAW, LLC

/s/ David E. Wilks
David E. Wilks (DE Bar No. 2793)
Scott B. Czerwonka (DE Bar No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Fax: (302) 225-0851


WEIL, GOTSHAL & MANGES LLP

Elizabeth Stotland Weiswasser (admitted *pro hac vice*)
Jonathan D. Polkes (admitted *pro hac vice*)
Eric S. Hochstadt (admitted *pro hac vice*)
Adam B. Banks (*pro hac vice* pending)
Jessica L. Falk (*pro hac vice* pending)
Robert Niles-Weed (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Fax: (212) 310-8007

Michael R. Moiseyev (admitted *pro hac vice*)
Priyata Y. Patel (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7000
Fax: (202) 857-0940
*Attorneys for Regeneron Pharmaceuticals, Inc.*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Melanie K. Sharp
Melanie K. Sharp (DE Bar No. 2501)
James L. Higgins (DE Bar No. 5021)
Taylor E. Hallowell (DE Bar No. 6815)
1000 North King Street
Wilmington, DE 19801
Telephone: (302)571-6600

msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

GIBSON, DUNN & CRUTCHER LLP

Eric J. Stock (admitted *pro hac vice*)
Ben A. Sherwood (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

Stephen Weissman (admitted *pro hac vice*)
Richard G. Parker (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, NW
Washington, D.C. 20036-5306
Telephone: (202) 955-8500

Ashley E. Johnson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100

*Attorneys for Amgen Inc.*

SO ORDERED this _____day of _____, 2023.


_____
UNITED STATES DISTRICT JUDGE