IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGENERON PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No.:  22-00697-RGA-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AMGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF NON-PARTY SUBPOENA *DUCES TECUM*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Amgen Inc., by and through its undersigned counsel, will serve the enclosed subpoena *duces tecum* upon non-party CarelonRx, Inc. in the form appended hereto, for the production of documents described in Schedule A to the subpoena.  The subpoena calls for the production of documents and things on or before July 3, 2023, at Veritext, 290 W Mt Pleasant Ave #3200, Livingston, NJ 07039, unless an alternative address is mutually agreed and confirmed in writing in advance of the production date.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Taylor E. Hallowell*

_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor E. Hallowell (No. 6815)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

Dated:  June 2, 2023          *Attorneys for Amgen Inc.*

30428838.1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware ☐▼

| | | |
|---|---|---|
| REGENERON PHARMACEUTICALS, INC. | ) | |
| *Plaintiff* | ) | Civil Action No.  22-697-RGA-JLH |
| v. | ) | |
| AMGEN INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    CarelonRx, Inc.
c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Veritext, 290 W Mt Pleasant Ave #3200, Livingston, NJ 07039, unless alternative address is mutually agreed and confirmed in writing in advance of production date | Date and Time:<br><br>07/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/02/2023

CLERK OF COURT

OR   *Jron Hallowll*

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Amgen Inc.
_____ , who issues or requests this subpoena, are:

Taylor E. Hallowell, 1000 North King Street, Wilminton, DE 19801, thallowell@ycst.com, 302.576.3271

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22-697-RGA-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### (CarelonRx)

### I.     DEFINITIONS

All definitions in the Federal Rules of Civil Procedure apply to this Subpoena.  Each undefined term in this Schedule A shall be given its usual dictionary definition, except terms that have acquired a particular meaning within your industry or your company, in which case such meaning shall apply for purposes of this Subpoena.  In addition, as used herein:

1.      "Communication(s)" means any transmission of information in any context or situation by any means or medium whatsoever, internally within an organization or externally with another person or organization, whether in the form of an original, a draft, or a copy, whether stored in hard copy, on tape, electronically or digitally, either orally, visually or in writing, and includes but is not limited to conversations, correspondence, electronic mails or emails, telexes, facsimile transmissions, telecopies, recordings in any medium of oral, written, or typed communications, telephone or message logs, notes or memoranda relating to written or oral communications; and any translation thereof.

2.      "Concerning" means in whole or in part constituting, containing, relating to, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

3.      "Documents" mean all materials within the scope of Federal Rule of Civil Procedure 34 and all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence, including: the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether different from the original by means of any notation made on such

copies or otherwise, whether in final or draft, and including electronically stored information and tangible things. The word "document" includes any engineering, laboratory or other notebooks, log books, record books, emails, communications, correspondence, letters, telegrams, memoranda, notes, minutes, summaries, working papers, progress reports, action item lists, analyses, studies, drawings, schematics, specifications, statistics, diagrams, purchase requests or orders, computer records, diaries, calendars, applications, permits, indices, invention disclosures, patent prosecution records, file wrappers, contracts, checks, statements, tags, invoices, brochures, periodicals, receipts, returns, pamphlets, books, offers, graphic or aural representations of any kind (including charts, microfiche, microfilm, recordings, motion pictures, videos, plans, drawings, and surveys), photographs, slides, audio tapes, video tapes, electronic mail and attachments, metadata, information stored on computer drives, diskettes, tapes, or other computer media, information stored magnetically or electronically, and any other representations of any kind.

4.      "Incentive" or "Incentives" shall mean rebates, discounts, price reductions, fee waivers, price concessions, or other variances from, or any terms and conditions resulting in an actual or effective reduction of, the list price or WAC price of a drug.

5.      "Information" means Information in any form, including but not limited to documentary, electronic, graphical, or tabular, and Communicated by any means, including but not limited to oral, written, or electronic Communications.

6.      "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The "acts" of a Person are defined to include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

2

7.     "Praluent®" refers to Regeneron's cholesterol-reducing drug approved by the U.S. Food and Drug Administration to treat certain cardiovascular conditions by reducing low-density lipoprotein cholesterol (LDL-C).

8.     "Relates to," "relating to," and "related to" mean in whole or in part constituting, containing, concerning, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

9.     "Regeneron" means and includes Regeneron Pharmaceuticals, Inc. and its predecessors, subsidiaries, parents, affiliates, and other organizational or operating units of each of them, all past and present directors, officers, employees, agents, representatives, employees, consultants, and attorneys of any of them, all entities acting in joint-venture or partnership relationships with each of them, and others acting on the behalf of each of them.

10.     "You" and "Your" shall refer to CarelonRx, and each of its predecessors, subsidiaries, parents, affiliates, and other organizational or operating units of each of them, all past and present directors, officers, employees, agents, representatives, employees, consultants, and attorneys of any of them, all entities acting in joint-venture or partnership relationships with each of them, and others acting on the behalf of each of them.

13.     The term "including" is used to provide examples of certain types of Information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to."

14.     The terms "each" and "any" means any and all.

15.     The words "and" and "or" shall be used conjunctively or disjunctively, whichever make the request more inclusive.

3

16.     The singular form of a word shall include the plural and vice versa.

17.     The masculine, feminine or neuter pronoun includes the other genders.

18.     The present tense of a verb includes its past tense and vice versa.

## II.     INSTRUCTIONS

1.     Each Request shall be answered pursuant to Federal Rules of Civil Procedure 45(e).

2.     Furnish all responsive Documents and data in Your possession, custody, or control at the present time or coming into Your possession, custody, or control after the initial data production.

3.     Unless the Request specifies a different time period, furnish all responsive Documents and data in Your possession, custody, or control from June 1, 2018 to the present with respect to competition and sales in the United States.

4.     If no Documents or things are responsive to a particular Request, state in Your response that no Documents or things exist.

5.     If You withhold any Document or portion thereof in response to any of the Requests set forth below on grounds of privilege or any other claim of immunity from discovery, then, for each document, communication, or portion thereof so withheld, state: (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto at the time of dissemination; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product," etc.).

6.     If You contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom

4

and describe the redacted portion in a privilege log pursuant to the instructions in Paragraph 5 above.

7.      If You contend that any Document or thing requested has been destroyed, set forth the contents of the Document or thing, the date of its destruction, and the name of the person who authorized its destruction.

8.      If You know of the existence, past or present, of any Document or thing responsive to any of the Requests, but such Document or thing is not presently in Your possession, custody, or control, identify the Document or thing and the individuals in whose possession, custody, or control the Document or thing was last known to reside.

9.      The Requests seek all responsive Documents in their original language, and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such Documents.

10.      Each Document is to be produced along with all drafts, without abbreviation or redaction.

11.      Any keys, codes, explanations manuals, or other Documents necessary for the interpretation or understanding of the Documents or things produced in response to these Requests shall be produced.

12.      All Documents should be produced as they are kept in the ordinary course of business, or shall be organized and labeled to correspond to the specific paragraph(s) to which they are responsive. If producing the Documents requested as they are kept in the ordinary course of business, the integrity and internal sequence of the requested Documents within each file or folder shall not be disturbed nor shall the contents of any file or folder be commingled with the contents of another file or folder.

13.     In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for Your conclusion.

14.     In the event that You object to any Request on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such Request vague and/or ambiguous and specify the meaning actually attributed by You to such words for purposes of Your response thereto.

## III.     RELEVANT TIME PERIOD

Unless otherwise stated, each paragraph in this Subpoena covers the period from June 1, 2018 to present. If a document prepared before or after this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production Request.

## IV.     DOCUMENTS REQUESTED

1.     All Documents requested by Plaintiff Regeneron Pharmaceuticals, Inc.'s subpoena dated April 17, 2023 (the "Regeneron Subpoena").

2.     In addition to the Documents requested by Request No. 1 of the Regeneron Subpoena, all Documents and Communications exchanged between You (including all Your agents and representatives) and Regeneron (including all of Regeneron's agents and representatives) during the Relevant Time Period relating to Praluent®, Repatha®, Leqvio®, or any other cholesterol-reducing drugs, any moderate-to-severe rheumatoid arthritis drug, or any

6

moderate-to-severe psoriasis drug, including but not limited to emails, text messages, actual, potential, or draft agreements, contracts, bids, bid grids, letters of agreement, and/or offers or proposals relating to the negotiation of Incentives, administrative or planned fees, or any other form of compensation from Regeneron to You.

3.     All Documents Concerning any actual or potential Regeneron rebate, discount, incentive, or other benefit for any drug conditioned on, or that had as a required term for payment, Your coverage, coverage terms, or formulary positioning for any other drug.