# WILKS LAW LLC

DAVID E. WILKS
Direct Phone: 302.225.0858
Email: dwilks@wilks.law

August 29, 2023

**VIA ECF**

The Honorable Jennifer L. Hall
United States District Court of District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17, Room 3124
Wilmington, DE 19801-3555

      Re:    *Regeneron Pharmaceuticals, Inc. v. Amgen, Inc.*
                C.A. No. 22-cv-00697-RGA-JLH

Dear Judge Hall:

      We write on behalf of Regeneron Pharmaceuticals, Inc. ("Regeneron") regarding the Court's August 28, 2023 Oral Order (Dkt. 123) and the filing of redacted versions of Regeneron's Amended Complaint and supporting exhibits (Dkt. 122, 124). Despite Regeneron providing Amgen with a copy of the Amended Complaint and supporting exhibits on August 16, 2023, and notwithstanding the Court's preemptive notice cautioning the parties about improper redactions, Amgen late last night provided substantial and overbroad redactions to both the Amended Complaint and exhibits. Given today's deadline to file public versions of the Amended Complaint and exhibits (Dkt. 122), Regeneron is filing a version with Amgen's redactions, but has advised Amgen that it intends to challenge many of the redactions as improper and contrary to the public's fundamental right of access to judicial proceedings. *See, e.g., Genetech, Inc., et al. v. Amgen, Inc.*, 2020 WL 9432700 (D. Del. Sept. 2, 2020) (appointing Special Master to review sealed filings for improper redactions).

      By way of illustrative example only, Amgen filed a public version of its motion to dismiss stating unequivocally that its contracts do not provide bundled rebates on Otezla®. Dkt. 25 at 7. Yet Amgen seeks to seal allegations in the Amended Complaint and supporting exhibits that flatly contradict Amgen's public statements. *See, e.g.*, Dkt. 124 at ¶¶ 16, 96-99; *see also* Ex. 3 (partial Amgen-Express Scripts, Inc. text exchange) and Ex. 4 ("2020-2022 Ascent Commercial Bid Update Slide"). As this Court knows from the very cases cited in the preemptive notice, "[m]ere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right," and "[b]ad business practices, in the absence of other circumstances, do not overcome [that] presumption." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 673, 679 (3d Cir. 2019) (internal citations omitted).

      While the Court may have its own concerns based on its initial review, Regeneron is reviewing the redactions, will raise its concerns with Amgen through the meet and confer process and will advise the Court promptly if Amgen refuses to remove the improper redactions.

The Honorable Jennifer L. Hall
August 29, 2023
Page 2

Respectfully submitted,

*/s/ David E. Wilks*

David E. Wilks
(Bar No. 2793)

cc: Counsel of Record (via CM/ECF)