**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| REGENERON PHARMACEUTICALS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMGEN, INC. )<br>)<br>Defendant. )<br>)<br>) | C.A. No. 1:22-cv-00697-RGA-JLH<br><br>JURY TRIAL DEMANDED |

**RESPONSE TO LOCAL RULE 7.1.1 CERTIFICATION**

WILKS LAW LLC
David E. Wilks (DE Bar No. 2793)
Scott B. Czerwonka (DE Bar No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850

*Attorneys for Regeneron Pharmaceuticals, Inc.*

WEIL, GOTSHAL & MANGES LLP
Elizabeth Stotland Weiswasser
Jonathan D. Polkes
Eric S. Hochstadt
Adam B. Banks
Jessica L. Falk
Robert Niles-Weed
Rachel Williams
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000

Michael R. Moiseyev
Priyata Y. Patel
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7000

## **RESPONSE TO LOCAL RULE 7.1.1 CERTIFICATION**

Regeneron hereby responds to the purported "Certification and Averment of Counsel" filed by Amgen with its Motion for Leave to File Motion for Summary Judgment and to Stay Discovery (the "Motion").

First, Amgen's position that a certification is not required for its Motion is wrong. Under Delaware Local Rule 7.1.1, "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing counsel on the matters set forth in the motion." Del. L.R. 7.1.1. Amgen's Motion is nondispositive because it seeks leave to file a motion for summary judgment, it does not seek dispositive relief itself. In addition, Amgen's position ignores that its Motion also seeks a stay of discovery, which is clearly nondispositive relief that is subject to the meet and confer requirement, just like all discovery matters. The fact that the Scheduling Order established a deadline for Amgen to file its motion for leave does not excuse noncompliance with Local Rule 7.1.1. The Scheduling Order also set a deadline for Regeneron to seek leave to amend its Complaint. Regeneron complied with Local Rule 7.1.1, contacted Amgen to meet and confer well in advance of the deadline, provided Amgen with an advance copy of a redline of its Amended Complaint, engaged in multiple meet and confers with Amgen, and the parties agreed upon a stipulation governing the filing of the Amended Complaint.

Second, Amgen itself recognized (albeit too late) that its Motion was subject to Local Rule 7.1.1 by attempting to schedule a last-minute, emergency meet and confer on the same day that its Motion was due, despite knowing of the deadline since the Scheduling Order was entered more than four months ago. Regeneron's counsel was unable to meet Amgen's emergency 1:05 a.m. request, caused solely by Amgen's inexcusable delay. *See* Regeneron's Letter Response, Ex. T.

Finally, Amgen inaccurately -- and incongruously -- suggests that its Motion was subject to a meet and confer on August 24. That meet and confer was scheduled at the request of Regeneron to discuss Amgen's various discovery deficiencies. It was not intended to address Amgen's Motion, Amgen did not identify the issue in advance, Amgen failed to disclose it was abandoning its position to seek leave to file a summary judgment based on its argument that the Otezla® product was not part of the bundle as alleged by Regeneron, Amgen did not disclose the scope of its proposed discovery stay or what information and limited custodians it would collect from in aid of its purported Motion, nor did the parties substantively discuss the Motion in any way. This is confirmed by Amgen's last ditch effort to schedule an emergency meet and confer. If a meet and confer had already taken place, Amgen would scarcely have requested one in the middle of the night.

For the foregoing reasons, the Court should not excuse Amgen's noncompliance with Local Rule 7.1.1 and its Motion should be disregarded on that basis.

Dated: September 8, 2023

Scott B. Czerwonka