IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Regeneron Pharmaceuticals, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Amgen Inc., <br><br> Defendant. | C.A. No.: 22-cv-00697-RGA-JLH |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S CONDITIONAL COUNTERCLAIM**

Pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure, Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron"), by and through its undersigned counsel, hereby answers and asserts defenses to the conditional claim and allegations made by Defendant Amgen Inc. ("Amgen") in its conditional Counterclaim ("Counterclaim"). D.I. 148. By responding Regeneron does not waive, and expressly reserves its right to seek dismissal of, the Counterclaim because Amgen does not assert it unconditionally and, thus, makes no actual claim and allegations to respond to. Unless expressly admitted, Regeneron denies each and every allegation in Amgen's Counterclaim. To the extent that any non-numbered statements in the Counterclaim contain allegations, Regeneron denies each and every such allegation.

**NATURE OF THE ACTION**

1. Paragraph 1 does not contain an allegation but rather a conditional statement to which no response is required. Regeneron refers to its Amended Complaint for a complete and accurate statement of its context, content and meaning. Regeneron denies the remaining allegations contained in Paragraph 1 of Amgen's Counterclaim.

2. Regeneron refers to Regeneron's agreements with CVS for commercial and Part D

formulary coverage of Praluent® for a complete and accurate statement of their context, content and meaning. Regeneron lacks knowledge and/or information sufficient to form a belief as to the truth of the allegation that CVS is "the nation's largest" at an unspecified time, and therefore denies the same. Regeneron denies the remaining allegations contained in Paragraph 2 of Amgen's Counterclaim.

3. Regeneron lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Amgen's Counterclaim concerning Amgen's decision-making, and therefore denies the same.

4. Regeneron admits that Regeneron sought to contract for formulary coverage for Praluent® on CVS's commercial and Part D formularies, including, but not limited to offering rebates for 1:1 formulary coverage. Regeneron refers to Regeneron's agreements with CVS for commercial and Part D formulary coverage of Praluent® for a complete and accurate statement of their context, content and meaning. Regeneron denies the remaining allegations contained in Paragraph 4 of Amgen's Counterclaim.

5. Paragraph 5 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 5 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 5 of Amgen's Counterclaim.

6. Paragraph 6 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 6 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 6 of Amgen's Counterclaim.

7. Paragraph 7 does not contain an allegation but rather a conditional statement to

which no response is required. Paragraph 7 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 7 of Amgen's Counterclaim.

## PARTIES

8. Regeneron lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9. Regeneron admits that it is a corporation organized and existing under the laws of the State of New York and that its principal place of business is located at 777 Old Saw Miller River Road, Tarrytown, New York. Regeneron further admits that Regeneron markets and distributes Praluent® in the United States.

## JURISDICTION AND VENUE

10. Paragraph 10 contains legal conclusions and/or characterizations relating to jurisdiction to which no response is required.

11. Paragraph 11 contains legal conclusions and/or characterizations relating to personal jurisdiction to which no response is required. To the extent a response is required, Regeneron admits that it filed its Complaint and Amended Complaint in the District of Delaware.

12. Paragraph 12 contains legal conclusions and/or characterizations relating to venue to which no response is required. To the extent a response is required, Regeneron admits that it filed its Complaint and Amended Complaint in the District of Delaware.

## FACTUAL ALLEGATIONS

13. Regeneron refers to the document and/or information cited in Paragraph 13 for a complete and accurate statement of its context, content and meaning. Regeneron admits that it is a biotechnology company.

14. Regeneron admits that it contracted for commercial and Part D formulary coverage of Praluent® with CVS in 2020, and that those contracts included rebates that could be earned if certain conditions were met. Regeneron, however, lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the factors involved in CVS's internal decision-making, and therefore denies the same. Regeneron denies the remaining allegations contained in Paragraph 14 of Amgen's Counterclaim.

15. Regeneron refers to the document and/or information cited in Paragraph 15 for a complete and accurate statement of its context, content and meaning.

16. Regeneron admits that Regeneron sought to contract for formulary coverage of Praluent® on ESI's commercial formularies including, but not limited to, offering rebates for 1:1 formulary coverage. Regeneron denies the remaining allegations contained in Paragraph 16 of Amgen's Counterclaim.

17. Regeneron lacks knowledge and/or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 17 concerning Amgen's motivations, and therefore denies the same. Regeneron denies any remaining allegations contained in Paragraph 17 of Amgen's Counterclaim.

18. Regeneron lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 18 concerning Amgen's motivations, and therefore denies the same.

19. Regeneron admits that Regeneron sought to contract for formulary coverage for Praluent® on CVS's commercial and Part D formularies, including, but not limited to 1:1 formulary coverage. Regeneron denies the remaining allegations contained in Paragraph 19 of Amgen's Counterclaim.

20. Regeneron refers to Regeneron's agreement with CVS for commercial formulary coverage of Praluent® for a complete and accurate statement of its context, content and meaning. Regeneron lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning CVS Commercial's decision-making, and therefore denies the same.

21. Regeneron refers to Regeneron's agreement with CVS for Part D formulary coverage of Praluent® for a complete and accurate statement of its context, content and meaning. Regeneron lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning CVS Part D's decision-making, and therefore denies the same.

22. Regeneron refers to the document and/or information cited in Paragraph 22 for a complete and accurate statement of its context, content and meaning. Regeneron admits that Praluent® was unprofitable in 2022. Regeneron denies the remaining allegations contained in Paragraph 22 of Amgen's Counterclaim.

23. Regeneron denies the allegations contained in Paragraph 23 of Amgen's Counterclaim.

24. Regeneron admits that, due to Amgen's anti-competitive conduct, Regeneron was forced in December 2022 to notify CVS that Regeneron would be exiting its contracts with CVS Commercial and CVS Part D. Regeneron refers to the document and/or information cited in Paragraph 24 for a complete and accurate statement of its context, content and meaning. Regeneron otherwise denies the remaining allegations contained in Paragraph 24 of Amgen's Counterclaim.

25. Paragraph 25 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 25 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 25 of Amgen's Counterclaim.

26. Paragraph 26 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 26 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 26 of Amgen's Counterclaim.

27. Regeneron denies the allegations contained in Paragraph 27 of Amgen's Counterclaim.

28. Regeneron lacks knowledge and/or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 28 concerning Amgen's motivations, and therefore denies the same. Regeneron denies the remaining allegations contained in Paragraph 28 of Amgen's Counterclaim.

## CLAIM FOR RELIEF

29. Regeneron incorporates by reference its responses to Paragraphs 1-28 of Amgen's Counterclaim as if fully set forth herein.

30. Paragraph 30 contains legal conclusions and/or characterizations, to which no responsive pleading is required. To the extent a response is required, Regeneron refers to Section 1703 of the California Business and Professions code for a complete and accurate statement of its context, content and meaning, and denies any description or characterization that is inconsistent therewith.

31. Paragraph 31 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 31 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 31 of Amgen's Counterclaim.

32. Paragraph 32 does not contain an allegation but rather a conditional statement to

which no response is required. Paragraph 32 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 32 of Amgen's Counterclaim.

33.   Paragraph 33 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 33 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 33 of Amgen's Counterclaim.

34.   Paragraph 34 does not contain an allegation but rather a conditional statement to which no response is required. Paragraph 34 also contains legal conclusions and/or characterizations to which no response is required. To the extent a response is required, Regeneron denies the allegations contained in Paragraph 34 of Amgen's Counterclaim.

## PRAYER FOR RELIEF

Regeneron admits that Amgen purports to seek the relief described in the "Prayer for Relief." Regeneron denies that Amgen is entitled to any relief, including the relief sought in the "Prayer for Relief."

## DEMAND FOR JURY TRIAL

Regeneron admits that Amgen requests a jury trial on its Counterclaim. Regeneron denies that any of the claims asserted against it in Amgen's Counterclaim are valid.

## REGENERON'S DEFENSES TO AMGEN'S COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 8(c), Regeneron, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

**FIRST DEFENSE**

Amgen's Counterclaim is barred, in whole or in part, because Amgen has failed to state a claim for which relief can be granted because, among other things, Amgen has made a conditional counterclaim that lacks facts sufficient to show Regeneron's alleged actions were done with the purpose of injuring competitors or destroying competition, Regeneron's alleged actions have a sufficient nexus to business activity in California to meet the requirements of CUPA, and Regeneron's alleged actions are sufficiently similar to Amgen's unlawful, anticompetitive cross-market product bundles to support the conditionality of its claim.

**SECOND DEFENSE**

Amgen's Counterclaim is barred, in whole or in part, by the doctrine of waiver or acquiescence because Amgen knowingly has engaged in the unlawful conduct alleged in Regeneron's Amended Complaint.

**THIRD DEFENSE**

Amgen's Counterclaim under California law is barred because the actions and transactions constituting the alleged unfair method of competition or the alleged unfair or deceptive act or practice did not occur primarily and substantially within the State of California.

**FOURTH DEFENSE**

Amgen's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands because Amgen knowingly has engaged in the unlawful conduct alleged in Regeneron's Amended Complaint.

**FIFTH DEFENSE**

Amgen's Counterclaim is barred, in whole or in part, because Amgen has sustained no injury in fact or damages caused by any act or omission of Regeneron.

## SIXTH DEFENSE

Amgen's Counterclaim is barred, in whole or in part, by the doctrine of laches in that Amgen has unreasonably delayed asserting its claims or alleged injuries and that delay has prejudiced Regeneron.

## SEVENTH DEFENSE

Amgen's Counterclaim is barred because, as a result of its own acts and omissions, Amgen is estopped from the relief that it seeks in its Counterclaim.

## EIGHTH DEFENSE

Any right to relief under Amgen's Counterclaim is barred by the fact that there was no public harm arising from Regeneron's alleged violations of the law. Cal. Bus. & Prof. Code § 16720 et seq.

## NINTH DEFENSE

Amgen's Counterclaim damages are barred, in whole or in part, to the extent an award of damages would result in unjust enrichment of Amgen.

## TENTH DEFENSE

Amgen's Counterclaim is unreasonable, and groundless, and accordingly, Regeneron should recover all attorneys' fees, costs, and expenses incurred in defending this action.

## ELEVENTH DEFENSE

Any conduct engaged in by Regeneron was not unfair business practice. Indeed, at all times Regeneron's actions and practices in the PCSK9i market that are the subject of Amgen's Counterclaim were lawful, procompetitive, justified under the rule of reason, and caused no injury to competition.

## TWELFTH DEFENSE

Any injuries, losses, or damages suffered by Amgen were proximately caused by its own actions, regardless of whether contributory, negligent, incompetent, careless, or reckless.

## THIRTEENTH DEFENSE

Amgen's Counterclaim is barred, in whole or in part, because any claimed injury or damage has been offset by benefits Amgen received with respect to the challenged conduct.

## FOURTEENTH DEFENSE

Any damages that Amgen alleges to have suffered are too remote, speculative, and/or uncertain to allow for a recovery. Such damages are not capable of ascertainment and allocation.

## FIFTEENTH DEFENSE

Amgen has failed to mitigate its damages, if any, and recovery should be reduced or denied accordingly.

## SIXTEENTH DEFENSE

Amgen's Counterclaim is barred to the extent that Amgen seeks to impose improper or excessive treble damage awards, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## SEVENTEENTH DEFENSE

Amgen's Counterclaim is barred on the basis that any lower PCSK9i prices offered by Regeneron to purchasers were "made in good faith to meet an equally low price" by Amgen. *See Falls City Indus., Inc. v. Vanco Beverage, Inc.*, 460 U.S. 428, 431 (1983); Section 2(b) of the Clayton Act, 38 Stat. 730, as amended by the Robinson-Patman Act, 49 Stat. 1526, 15 U.S.C. § 13(b).

## ADDITIONAL DEFENSES AND COUNTERCLAIMS

Regeneron reserves the right to raise any additional defenses, cross-claims, counterclaims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Amgen's Counterclaim, Regeneron requests entry of judgment in its favor and against Amgen as follows:

a. An order declaring that Amgen takes nothing on the claims asserted in the Counterclaim against Regeneron;

b. A judgment dismissing with prejudice the claims against Regeneron in Amgen's Counterclaim;

c. A judgment awarding Regeneron its costs, expenses, and reasonable attorneys' fees;

d. An order denying Amgen recovery of any costs; and

e. An order awarding Regeneron any such other relief as the Court may deem just and proper.

Dated: October 13, 2023

/s/ *Scott B. Czerwonka*
David E. Wilks (DE Bar No. 2793)
Scott B. Czerwonka (DE Bar No. 4844)
WILKS LAW LLC
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Fax: (302) 225-0851

Elizabeth Stotland Weiswasser
Jonathan D. Polkes
Eric S. Hochstadt
Adam B. Banks
Jessica L. Falk
Robert Niles-Weed
Rachel Williams
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone (212) 310-8000

Michael R. Moiseyev
Priyata Y. Patel
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7000

*Attorneys for Regeneron Pharmaceuticals, Inc.*