IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGENERON PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-697-JLH-SRF |
| AMGEN, INC., | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

At Wilmington this **26th** day of **August, 2024**, the court having considered the parties' letter submissions on plaintiff Regeneron Pharmaceuticals, Inc.'s motion to compel the full, unredacted production of certain redacted material at AMG10935 OCO-0000008981, (D.I. 382; D.I. 383[1]), IT IS ORDERED that Regeneron's motion is DENIED for the reasons set forth below.

---

[1] Defendant Amgen, Inc. docketed a placeholder page in lieu of filing its discovery dispute letter submission under seal on the docket. (D.I. 383) The attached certificate of service suggests that the letter itself was electronically filed and served on opposing counsel. (D.I. 383-1) In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, Amgen shall electronically file redacted versions of all documents submitted to the court as described at D.I. 383 on or before **August 28, 2024**. Filing such documents under seal instead of docketing a placeholder page reduces the time constraints on the filing party and the court to process courtesy copies. In other words, when documents are not first docketed under seal, the court cannot begin the process of reviewing the filing until the physical courtesy copies are delivered.

The court further directs Amgen to its Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate-judge-sherry-r-fallon, which limits the parties to a total of no more than 200 pages of exhibits to discovery dispute submissions, absent leave of court. The exhibits to Amgen's responsive letter submission exceed this cap, and it appears Amgen has made no "reasonable effort[ ] to attach only those pages relevant to the discovery dispute as exhibits," as instructed in the court's procedures. For example, Amgen attaches a 157-page reply expert report in its entirety. (D.I. 383, Stock Decl., Ex. 9) The court has reviewed the exhibits in their entirety to resolve the

**1. Background.** The focus of the present dispute is on a draft rebate agreement that was negotiated between Amgen and pharmacy benefit manager Optum in August of 2021. (D.I. 382, Ex. A) Amgen produced copies of the agreement to Regeneron in this matter on June 26, 2023. (*Id.* at 3) On April 15, 2024, Regeneron served expert reports which quoted certain language from the version of the draft rebate agreement at issue in this case. (*Id.*, Ex. C at ¶ 75 n.146; Ex. D at ¶ 15 n.33) After Regeneron included the quoted language in its opposition to Amgen's motion for summary judgment, Amgen identified the language as privileged and sought a clawback on July 1, 2024. (D.I. 383, Stock Decl. at ¶¶ 20-21)

**2. Legal standard.** "The attorney-client privilege protects communications between a client and an attorney related to the purpose of securing legal advice." *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 642 (D. Del. 2016) (citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994)). The party asserting the privilege bears the burden of demonstrating its applicability. *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012). To satisfy this burden, the party asserting the privilege must demonstrate that the withheld material is "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purposes of obtaining or providing legal assistance for the client." *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011).

**3. Analysis.** Regeneron first argues that the comment at issue in the draft rebate agreement is not privileged because it was voluntarily disclosed to Optum and UnitedHealthcare ("UHC") during the exchange of drafts and/or in a phone call. (D.I. 382 at 2) In response,

---

privilege issue. However, failure to follow the court's procedures impairs the court's ability to address discovery disputes in an expedited fashion and also places a greater burden on the filing party to docket redacted versions pursuant to section G of the Administrative Procedures Governing Filing and Service by Electronic Means.

Amgen has submitted internal correspondence establishing that the comment at issue was added by an Amgen employee after the draft rebate agreement was received from Optum, and the comment was solely distributed within Amgen. (D.I. 383, Stock Decl., Ex. 1 at ¶ 9; Ex. 6) Regeneron does not cite any evidence of record to confirm that the comment was distributed externally. Nor does Regeneron dispute that the comment at issue seeks legal advice and otherwise satisfies the requirements of a privilege assertion.

**4.** Next, Regeneron contends that even if the comment is privileged, Amgen waived its privilege assertion by intentionally producing the draft contracts in June of 2023 and failing to timely request a clawback of the content. (D.I. 382 at 2-3) But the record shows that Amgen took reasonable precautions to prevent the inadvertent disclosure of privileged material, and Amgen's representation that the disclosure was inadvertent is plausible in light of the isolated nature of the privileged comment as compared to the volume of the production made. (D.I. 383, Stock Decl. at ¶¶ 13-17) Amgen timely served its clawback request on Monday, July 1, 2024, shortly after its discovery of the inadvertent production on Friday, June 28, 2024. (*Id.* at ¶¶ 20-21)

**5.** Finally, Regeneron asserts that the crime-fraud exception to the attorney-client privilege applies to the comment at issue. (D.I. 382 at 3-4) Under the crime-fraud exception, the party seeking discovery of the privileged content must establish: "(1) a prima facie case of criminal or fraudulent conduct, and (2) the communications were made in furtherance of the crime or fraud." *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 482 (D. Del. 2012). Generalized allegations will not suffice, and the exception is limited to circumstances where the client seeks legal assistance to plan or perpetrate a crime or fraud. *Id.* at 487-88.

6. Regeneron has not met its burden to show that the crime-fraud exception applies to the comment at issue in this case. Regeneron cites only its own pleaded allegations in support of its contention that Amgen's use of multi-product bundled rebates to secure exclusive formulary coverage for its drug violates the Sherman Act. (D.I. 382 at 4; D.I. 122 at 79-95) But Amgen offers a competing plausible interpretation of the comment at issue and the context in which it was made. (D.I. 383 at 4) In the absence of anything beyond attorney argument to support the theory that Amgen's conduct amounts to a crime or fraud, the court finds that Regeneron has not met its burden. *See In re Grand Jury*, 705 F.3d 133, 153 (3d Cir. 2012) (explaining that the applicable standard under the crime-fraud exception "is intended to be reasonably demanding; neither speculation nor evidence that shows only a distant likelihood of corruption is enough."). Consequently, Regeneron's motion to compel the production of an unredacted version of the comment at issue is DENIED.

7. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Regeneron's motion to compel the production of the full, unredacted at-issue comment at AMG10935 OCO-0000008981 is DENIED. IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for August 28, 2024 at 2:00 p.m. is CANCELLED.

8. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **September 3, 2024,** for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re*

4

*Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**9.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**10.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge