IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-697-JLH ) |
| AMGEN INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before me is Amgen Inc.'s Motion for Summary Judgment (D.I. 307). Amgen first argues that Regeneron lacks sufficient evidence for a jury to find that Amgen engaged in anticompetitive or exclusionary conduct.

In support of its argument, Amgen contends that Regeneron cannot prove substantial foreclosure under a rule of reason analysis, cannot satisfy the price-cost test, and cannot prove market power over the products it allegedly bundled. The record before me reflects material factual disputes that prevent summary judgment. Regeneron has presented evidence from which a jury could find that Amgen offered bundled discounts that restricted Regeneron's access to portions of the market because it did not have an equally diverse drug portfolio, *LePage's Inc. v. 3M*, 324 F.3d 141, 155 (3d Cir. 2003) (*e.g.*, D.I. 327, Ex. 24 ¶¶ 66–71; *id.*, Ex. 42 ¶¶ 43–48), or that Amgen entered into de facto exclusive dealing arrangements that substantially foreclosed Regeneron from the market, *see ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 271–72 (3d Cir. 2012) (*e.g.*, D.I. 327, Ex. 24 ¶¶ 9–11; *id.* Ex. 42 ¶¶ 194–95). Regeneron has also proffered evidence from which a jury could find below-cost pricing in certain portions of the market, under the test in *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 909 (9th Cir. 2008) (*e.g.*, D.I. 327,

Ex. 24 ¶¶ 111, 132), and that Amgen can recoup (*e.g.*, D.I. 327, Ex. 24 ¶¶ 211, 217–18; *id.,* Ex. 51).  Regeneron has also proffered evidence from which a jury could find that Enbrel and Otezla have market power in their respective markets (*e.g.*, D.I. 327, Ex. 24 ¶¶ 39–48).

Amgen next contends that it is entitled to summary judgment because Regeneron cannot show anticompetitive effects.  To the extent that Amgen contends that Regeneron needs to separately show consumer harm, at least one court has recently rejected that argument.  *FTC v. Meta Platforms, Inc.*, No. 20-3590, 2024 WL 4772423, at *24 (D.D.C. Nov. 13, 2024) (acknowledging that "the law is far from pellucid on this issue").  Regeneron has also proffered evidence from which a jury could find potential anticompetitive effects, including reduced investment in innovation, increased prices relative to a competitive market, and reduced consumer choice (*e.g.*, D.I. 327, Ex. 24 ¶¶ 214, 219, 223–24).

Amgen finally argues that it is entitled to partial summary judgment because Regeneron's alleged damages incurred during the pendency of its Zinc/CVS Commercial and CVS Part D contracts do not qualify as "antitrust injury."  To the extent that Amgen argues that Regeneron must be foreclosed from the market before it has incurred an actionable antitrust injury, the cited case law does not appear to support that proposition.  Amgen cites *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977) in support of its argument that damages from matching a competitor's lower prices cannot qualify as antitrust injury, but in that case, unlike here, "[Plaintiff] made no attempt to prove that they had lost any income as a result of [price] predation." *Id.* at 490.  Of course, to qualify as antitrust injury, the alleged damages must be "attributable to an anti-competitive aspect of the practice under scrutiny." *Atl. Richfield Co. v. USA Petrol. Co.*, 495 U.S. 328, 334 (1990).  Regeneron alleges that Amgen's unlawful act was attempting to reduce competition by offering bundled discount rebate contracts that amounted to a below-cost price on

its competing product. Regeneron proffers evidence that the terms it needed to offer to win those contracts were financially unviable, and that it suffered lost profits as a result. (*See* D.I. 327, Ex. 71 at 237:16–21; *id.,* Ex. 103, *id.,* D.I. 24 ¶¶ 92, 132.) I am unpersuaded that the case law cited by Amgen precludes a finding of antitrust injury under those circumstances.

Accordingly, IT IS HEREBY ORDERED that Amgen's Motion for Summary Judgment (D.I. 307) is DENIED.

Dated: April 10, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE