# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 22-697-JLH |
| AMGEN INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before me are Amgen Inc.'s Motion to Exclude Expert Testimony Proffered by Regeneron (D.I. 315) and Regeneron's Motion to Exclude Testimony of Dr. Eric M. Gaier; Dr. Lauren J. Stiroh; and Ms. Deborah Gan (D.I. 318). The motions are fully briefed. I presided over a lengthy hearing on the motions on November 20, 2024. Neither side requested or elected to present live testimony, so I will resolve the motions based on the parties' written submissions and oral argument.

1. Regeneron offers expert testimony from Prof. Scott Morton, Ms. Bates, Dr. Mathur, and Dr. Eckel. Amgen first argues that Prof. Scott Morton and Ms. Bates should not be permitted to testify about the negotiators' state of mind or the existence or terms of agreements. Regeneron agreed at the November 20, 2024 hearing that its experts will not opine on state of mind. In addition, the Court ruled at the hearing that, while Regeneron's experts can help the jury understand the evidence by talking about the economic implications of the negotiations, the experts will not be permitted to usurp the role of the factfinders by opining on whether there were oral or informal agreements and what the terms of those agreements were. The Court ordered the parties to meet and confer and raise any remaining disputes at the pretrial conference.

2. Amgen argues that Prof. Scott Morton's and Ms. Bates's "one-sided recitation of facts also must be excluded" under Federal Rule of Evidence 403 "as cumulative and unduly prejudicial." While this is not a *Daubert* issue, I have still considered it, and Amgen's request is denied. Amgen has failed to show that the probative value of the experts' testimony is substantially outweighed by one of the dangers listed in Rule 403. The trial will be timed, the experts will not be permitted to opine on intent or the existence of oral or informal agreements (*see* ¶ 1, supra), and Amgen is free to cross-examine the experts about the evidence they did or did not consider.

3. Amgen argues that Prof. Scott Morton's and Dr. Mathur's opinions relating to damages at CVS/Zinc Commercial and CVS Part D should be excluded because such damages cannot constitute antitrust injury under the law. Amgen moved for partial summary judgment on the same basis, and I denied that motion. I deny Amgen's motion to exclude for the same reasons I denied Amgen's summary judgment motion.

4. Amgen argues that Dr. Mathur's opinions relating to damages at CVS are "unduly speculative" and thus not supported by "sufficient facts or data" as required by Federal Rule of Evidence 702. I have reviewed the challenged opinion. Dr. Mathur calculates damages in the case that liability is found. That is not improper. Dr. Mathur also relies on her assessment of the record evidence and the testimony of another expert, Prof. Scott Morton, who relies on record evidence and economic reasoning to reach her opinions about what prices would have been absent the challenged conduct. In accordance with Rule 702, I find that it is more likely than not that the testimony is based on sufficient facts and data. Amgen's disagreements about the evidence relied on by Dr. Mathur in forming her opinions can be addressed through cross-examination and the presentation of contrary evidence. Amgen's request to exclude is denied.

5.      Amgen argues that Dr. Mathur's opinions about damages before January 2024 should be excluded because "Regeneron has no expert opinion on liability to support damages prior to January 2024." But Prof. Scott Morton opines on foreclosure going back to 2020. Amgen's request to exclude is denied.

6.      Amgen argues that Prof. Scott Morton's opinions on "within PBM" spillover should be excluded under Federal Rule of Evidence 702 because they are "unreliable." In accordance with Federal Rule of Evidence 702, I find that it is more likely than not that the testimony is the product of reliable principles and methods. Amgen's disagreements about the methodology used by Prof. Scott Morton in forming her opinions can be addressed through cross-examination and the presentation of contrary evidence. Amgen's request to exclude is denied.

7.      Amgen argues that Prof. Scott Morton's MRM calculation should be excluded under Federal Rule of Evidence 702 because it is "unreliable." In accordance with Federal Rule of Evidence 702, I find that it is more likely than not that the testimony is the product of reliable principles and methods. Amgen's disagreements about the methodology used by Prof. Scott Morton in forming her opinions can be addressed through cross-examination and the presentation of contrary evidence. Amgen's request to exclude is denied.

8.      Amgen argues that Prof. Scott Morton miscalculated the variable costs as part of her assessment of the discount attribution test from *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 906 (9th Cir. 2008). Amgen contends that her opinion about the discount attribution test must be excluded because it does not reflect a reliable application of the test to the facts of the case, as required by Federal Rule of Evidence 702. I find that it is more likely than not that her opinion reflects a reliable application of economic principles to the facts of the case. Amgen's

disagreements about her cost calculation can be addressed through cross-examination and the presentation of contrary evidence. Amgen's request to exclude is denied.

9. Amgen argues that Ms. Bates's and Prof. Scott Morton's opinions relating to Best Price reporting to CMS are irrelevant and unhelpful to the trier of fact. I find that the opinions are admissible. I am persuaded that the experts have sufficient specialized knowledge to opine on these issues. I also find that the testimony is relevant and helpful to the jury, as it may shed light on the actual terms of Amgen's rebate agreements. And Amgen has failed to show that the probative value of the testimony is substantially outweighed by the risk of confusing the issues or misleading the jury. Amgen's request to exclude is denied.

10. Amgen argues that Prof. Scott Morton should not be allowed to opine or suggest that Amgen's patent litigation was anticompetitive or evidences anticompetitive intent. In accordance with the discussion at the November 20, 2024 hearing, the parties should meet and confer and propose a jury instruction that explains the purposes for which evidence of the patent litigation can be considered.

11. Amgen argues that Dr. Eckel's opinions should be excluded because they are unreliable, not based on sufficient facts or data, irrelevant, and not helpful to the trier of fact. In accordance with Federal Rule of Evidence 702, I find that it is more likely than not that the testimony will help the trier of fact, is based on sufficient facts, and is the product of reliable principles. I also find that it is relevant, and Amgen has failed to show that its probative value is substantially outweighed by the risk of jury confusion and unfair prejudice. Amgen's disagreements about the opinions can be addressed through cross-examination and the presentation of contrary evidence. Amgen's request to exclude is denied.

12.     Amgen offers expert testimony from Dr. Gaier, Dr. Stiroh, Ms. Gan, and Dr. Jacoby. Regeneron first argues that Dr. Gaier should not be permitted to opine on one of his discount attribution test calculations because he did not allocate the entire discount to the competitive product. Having reviewed the challenged aspect of his opinion, I find that it is relevant, helpful to the jury, and based on the product of reliable principles. I am not persuaded that his analysis is foreclosed by the law of the Third Circuit. Regeneron's disagreements about the methodology used by Dr. Gaier in forming his opinions can be addressed through cross-examination and the presentation of contrary evidence. Regeneron's request to exclude is denied.

13.     Regeneron argues that Dr. Stiroh's opinions that Enbrel and Otezla lack market power are not based on the application of reliable methods. In accordance with Federal Rule of Evidence 702, I find that it is more likely than not that the testimony is based on sufficient facts, is the product of reliable principles, and reflects a reliable application of the principles to the facts of the case. Regeneron's critiques can be addressed through cross-examination and the presentation of contrary evidence. Regeneron's request to exclude is denied.

14.     Regeneron argues that Ms. Gan lacks sufficient specialized knowledge to offer certain opinions on pharmaceutical industry market access because she relies solely on her experience at one company. In accordance with Federal Rule of Evidence 702, I find that it is more likely than not that Ms. Gan has specialized knowledge that will help the trier of fact and that her opinions are sufficiently tied to her experience, which is not limited to one company. Regeneron's critiques can be addressed through cross-examination and the presentation of contrary evidence. Regeneron's request to exclude is denied.

Dated: April 10, 2025

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE