**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Regeneron Pharmaceuticals, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Amgen Inc.,<br><br>Defendant. | C. A. No.: Case #1:22-cv-00697-JLH<br><br>**REDACTED PUBLIC VERSION**<br>**FILED: April 28, 2025** |

# [PROPOSED] JOINT PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16 and District of Delaware Local Rule 16.3, Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") and Defendant Amgen Inc. ("Amgen"), respectfully submit this Proposed Joint Pretrial Order.[1] Where the Parties have competing proposals or statements, such language is preceded by bolded text. The Pretrial Conference is scheduled for April 24, 2025 at 1:00 PM. Jury selection conducted by Magistrate Judge Laura D. Hatcher is scheduled for May 2, 2025 at 9:00 AM. A 7-day jury trial is scheduled to begin on May 5, 2025.

[1] Unless specifically noted, all citations reference docket entries in *Regeneron Pharmaceuticals, Inc. v. Amgen Inc.*

# TABLE OF CONTENTS


I. NATURE OF THE ACTION (L.R. 16.3(c)(10)) ..... 5

A. Parties ..... 5

B. Nature of Action ..... 5

C. Claims for Trial ..... 8

II. JURISDICTION (L.R. 16.3(c)(2)) ..... 9

III. UNCONTESTED AND CONTESTED FACTS ..... 10

A. Joint Statement of Uncontested Facts (L.R. 16.3(c)(3)) ..... 10

B. Contested Facts (L.R. 16(c)(4), (10)) ..... 10

IV. ISSUES OF LAW (L.R. 16.3(c)(5), (10)) ..... 10

V. EXHIBITS (L.R. 16.3(c)(6)) ..... 10

A. Documentary and Physical Exhibits ..... 10

B. Stipulations Concerning Exhibits ..... 11

C. Procedures for Disclosure of Trial and Demonstrative Exhibits ..... 14

D. Documents Containing Judicial Admissions ..... 16

VI. WITNESSES ..... 16

A. Witnesses Expected to be Called at Trial ..... 16

B. Procedures for Witnesses ..... 17

C. Testimony by Deposition ..... 19

VII. STATEMENTS OF INTENDED PROOFS (L.R. 16.3(c)(8)-(10)) ..... 21

A. Regeneron's Statement of Intended Proof ..... 21

B. Amgen's Statement of Intended Proof ..... 22

VIII. AMENDMENTS TO THE PLEADINGS ..... 22

IX. MOTIONS IN LIMINE ..... 22

X. MOTIONS FOR JUDGMENT AS A MATTER OF LAW ..... 23

XI. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS ..... 23

A. Voir Dire, Jury Instructions, and Verdict Form ..... 23

B. Jury Trial ..... 23

C. Length of Trial ..... 24

D. Juror Binders ..... 24

E. Set-Up of Electronic and Computer Equipment ..... 25

F. Handling of Confidential Information at Trial ..... 25

G. Sequestration of Witnesses ........ 26
H. Updates to Proposed Pretrial Order ........ 26
I. Post-Trial Status Report and Motions ........ 26
J. Dispute Resolution Procedures ........ 27
K. Transcript Corrections ........ 27
L. Other Stipulations ........ 27
XII. CERTIFICATION OF GOODFAITH EFFORTS AS TO SETTLEMENT ........ 28

## Exhibits to Pre-Trial Order

| Exhibit | Description |
|---|---|
| 1 | Joint Statement of Uncontested Facts |
| 2 | Regeneron's Statement of Contested Facts |
| 3 | Amgen's Statement of Contested Facts |
| 4 | Regeneron's Statement of Issues of Law |
| 5 | Amgen's Statement of Issues of Law |
| 6 | Regeneron's Exhibit List |
| 7 | Amgen's Exhibit List |
| 8 | Regeneron's Witness List |
| 9 | Amgen's Witness List |
| 10 | Regeneron's Deposition Designations & Amgen's Counter-Designations |
| 11 | Amgen's Deposition Designations & Regeneron's Counter-Designations |
| 12 | Regeneron's Statement of Intended Proof |
| 13 | Amgen's Statement of Intended Proof |
| 14 | Regeneron's *Motion in Limine* |
| 15A | Amgen's *Motion in Limine* #1 |
| 15B | Amgen's *Motion in Limine* #2 |
| 15C | Amgen's *Motion in Limine* #3 |

## I. NATURE OF THE ACTION (L.R. 16.3(c)(10))

### A. Parties

1. Plaintiff Regeneron is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 777 Old Saw Mill River Road, Tarrytown, New York 10591. Regeneron is in the business of inventing, developing, manufacturing, and marketing a variety of innovative pharmaceutical products. Regeneron markets and distributes Praluent® (alirocumab),[2] a monoclonal antibody PCSK9 inhibitor ("PCSK9i"), in the United States.

2. Defendant Amgen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California 91320. Amgen is in the business of inventing, developing, manufacturing, and marketing a variety of innovative pharmaceutical products. Amgen markets and distributes Repatha® (evolocumab), a monoclonal antibody PCSK9i, Enbrel® (etanercept), and Otezla® (apremilast) in the United States.[3] Enbrel is approved to treat moderate-to-severe rheumatoid arthritis, and Otezla is approved to treat moderate-to-severe psoriasis.

### B. Nature of Action

3. This case arises out of Regeneron's allegations that Amgen is engaged in an anticompetitive scheme to eliminate Regeneron's specialized cholesterol-reducing medication, Praluent, from the U.S. market.

---

[2] Praluent is a registered trademark of Regeneron. For the sake of simplicity, its trademark symbol is omitted for the remainder of this pretrial order.

[3] Repatha, Enbrel, and Otezla are registered trademarks of Amgen. For the sake of simplicity, their trademark symbols are omitted for the remainder of this pretrial order.

4. Regeneron filed this Action on May 27, 2022 alleging violations of Section 2 of the Sherman Antitrust Act (the "Sherman Act") (15 U.S.C. § 2); Section 1 of the Sherman Act (15 U.S.C. § 1); Section 3 of the Clayton Act (15 U.S.C. § 14); California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; California's Unfair Practices Act ("CUPA"), Cal. Bus. & Prof. Code § 17043 *et seq.*; California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16727; and New York's Donnelly Act, New York General Business Law ("GBL") § 340. Regeneron also asserts a claim for tortious interference with prospective business relations. (D.I. 1, 124).

5. Amgen filed an Answer to the original Complaint on April 4, 2023, denying Regeneron's allegations and asserting defenses including failure to state a claim, doctrine of unclean hands/waiver, doctrine of latches, absence of antitrust injury, unjust enrichment, and injunctive relief as an inadequate remedy, among others. (D.I. 64).

6. On August 28, 2023, Regeneron filed an Amended Complaint supplementing its factual allegations pertaining to its Sherman Act, Clayton Act, state law, and tortious interference claims. (D.I. 124).

7. On September 20, 2023, Amgen filed an Answer to Regeneron's Amended Complaint. Amgen also filed a Counterclaim against Regeneron. Amgen claimed that Regeneron is liable to Amgen under CUPA if, and only to the extent that, any of Amgen's conduct is found to violate CUPA. (D.I. 148).

8. On October 13, 2023, Regeneron filed an Answer and affirmative defenses to Amgen's conditional Counterclaim. (D.I. 173).

9. On May 22, 2024, Amgen moved for summary judgment. In the alternative, Amgen moved for partial summary judgment dismissing Regeneron's claim of damages at [redacted] from

2022-June 2023. (D.I. 307). On June 21, 2024, Regeneron filed its opposition to Amgen's motion for summary judgment. (D.I. 324). Amgen filed its reply brief on July 12, 2024. (D.I. 348).

10. On May 28, 2024, Amgen moved to exclude certain opinions of Regeneron's experts Professor Fiona Scott Morton, Ms. Heather Bates, and Dr. Divya Mathur. Amgen also moved to exclude the opinion of Regeneron's expert Dr. Robert Eckel in its entirety. (D.I. 315). Regeneron filed its opposition to Amgen's motion to exclude on June 25, 2024. (D.I. 332). Amgen filed its reply on July 15, 2024. (D.I. 348).

11. On May 28, 2024, Regeneron moved to exclude and strike certain opinions of Amgen's experts Dr. Eric M. Gaier, Dr. Lauren J. Stiroh, and Ms. Deborah Gan. (D.I. 318). Amgen filed its opposition to Regeneron's motion to exclude on June 25, 2024. (D.I. 330). Regeneron filed its reply on July 15, 2024. (D.I. 351).

12. On November 20, 2024, the Court held a hearing on Amgen's motion for summary judgement and both Parties' motions to exclude expert opinions.

13. On January 8, 2025, the Court ordered a 7-day jury trial to take place on May 5-8 and 12-14, 2025. (D.I. 404). The order also provided that a Pretrial Conference would commence on April 25, 2025 at 1:00 PM.

14. On January 15, 2025, the Parties consented to a Magistrate Judge presiding over jury selection (D.I. 405) pursuant to the Court's January 8, 2025 Oral Order (D.I. 404).

15. On April 10, 2025, the Court denied Amgen's motion to exclude the testimony of Regeneron's experts (D.I. 420).

16. On April 10, 2025, the Court denied Regeneron's motion to exclude the testimony of Amgen's experts (D.I. 420).

17. On April 10, 2025, the Court denied Amgen's motion for summary judgment (D.I. 419).

**C. Claims for Trial**

18. Regeneron seeks judgment on the following claims:

- Count One: Monopolization of the PCSK9i market and pharmacy-dispensed PCSK9i sub-market through bundling in violation of Section 2 of the Sherman Act;
- Count Two: Attempted monopolization of the PCSK9i market and pharmacy-dispensed PCSK9i sub-market through bundling in violation of Section 2 of the Sherman Act;
- Count Three: Monopolization of the PCSK9i market and pharmacy-dispensed PCSK9i sub-market through below-cost pricing in violation of Section 2 of the Sherman Act;
- Count Four: Attempted monopolization of the PCSK9i market and pharmacy-dispensed PCSK9i sub-market through below-cost pricing in violation of Section 2 of the Sherman Act;
- Count Five: Unreasonable restraint of trade in violation of Section 1 of the Sherman Act;
- Count Six: Sale on condition to exclude Praluent in violation of Section 3 of the Clayton Act;
- Count Seven: Violation of UCL, Cal. Bus. & Prof. Code § 17200 *et seq.*;
- Count Eight: Violation of UPA, Cal. Bus. & Prof. Code § 17043 *et seq.*;
- Count Nine: Violation of California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16727;
- Count Ten: Violation of New York's Donnelly Act, New York's GBL § 340; and
- Count Eleven: Tortious interference with prospective business relations.

19. Regeneron seeks (i) injunctive relief, (ii) actual damages, trebled, adjusted to present value, pre-judgment interest and post-judgment interest, (iii) additional forms of monetary relief, including punitive damages, disgorgement and restitution, as well as (iv) Regeneron's costs,

disbursements, expenses, and reasonable attorneys' fees in bringing this Action. Regeneron also seeks any other relief that the Court deems just and proper.

20. Amgen seeks judgment on the following claim:

- Violation of UPA, Cal. Bus. & Prof. Code § 17043 *et seq.*

21. Amgen seeks (i) actual damages, trebled, adjusted to present value, pre-judgment interest, and post-judgment interest, (ii) Amgen's costs, expenses, and reasonable attorneys' fees, and (iii) an order denying Regeneron recovery of any costs. Amgen also seeks any other relief that the Court deems just and proper.

## II. JURISDICTION (L.R. 16.3(c)(2))

22. This is a civil action arising under federal antitrust laws, 15 U.S.C. §§ 1, 2, 14, 15, and 26; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17043; California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16727; and New York's Donnelly Act, N.Y. Gen. Bus. Law § 340 *et seq.*; and Delaware common law on tortious interference with prospective business relations.

23. This Court has subject matter jurisdiction over all claims asserted in this Action pursuant to 28 U.S.C. § 1332, as the Parties are citizens of different states and the amount in controversy in each claim exceeds $75,000. This Court also has subject matter jurisdiction over all claims asserted in this Action because it has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a) and 15 U.S.C. §§ 4, 15, and 26, and supplemental jurisdiction over the state law claims and counterclaim pursuant to 28 U.S.C. § 1367, as those claims arise from the same transaction and occurrence of the federal claims. No Party contests subject matter jurisdiction for the purposes of this Action.

24. This Court has personal jurisdiction over the Parties under the U.S. Constitution and 15 U.S.C. § 22. No Party contests personal jurisdiction for the purposes of this Action.

25. Venue is proper in this District under 15 U.S.C. § 22, and under 28 U.S.C. § 1391(b) and (c). No Party contests venue for the purposes of this Action.

## III. UNCONTESTED AND CONTESTED FACTS

### A. Joint Statement of Uncontested Facts (L.R. 16.3(c)(3))

26. The Parties' Joint Statement of Uncontested Facts is attached as **Exhibit 1**.

27. The facts in **Exhibit 1** are not disputed or have been agreed to or stipulated to by the Parties. These facts should become part of the evidentiary record in this action. Either or both of the Parties may request that the Court read the Uncontested Facts to the jury during trial, and no time will be charged against either Party. Any Party that intends to use the Uncontested Facts for any other purpose must first seek leave of Court before doing so.

### B. Contested Facts (L.R. 16(c)(4), (10))

28. Regeneron's Statement of Contested Facts is attached as **Exhibit 2**.

29. Amgen's Statement of Contested Facts is attached as **Exhibit 3**.

30. The Parties reserve the right to modify or supplement their statements of facts that remain to be litigated to the extent necessary to reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the Parties.

## IV. ISSUES OF LAW (L.R. 16.3(c)(5), (10))

31. Regeneron's Statement of Issues of Law is attached as **Exhibit 4**.

32. Amgen's Statement of Issues of Law is attached as **Exhibit 5**.

33. The Parties reserve the right to modify or supplement their statements of issues of law that remain to be litigated to the extent necessary to reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the Parties.

## V. EXHIBITS (L.R. 16.3(c)(6))

### A. Documentary and Physical Exhibits

34. Regeneron's list of exhibits that it may offer at trial, including Amgen's objections, is attached as **Exhibit 6**, and a list of Amgen's objection codes is attached as **Exhibit 6A**. Regeneron's trial exhibits will be identified with PTX numbers, starting with PTX-0001.

35. Amgen's list of exhibits that it may offer at trial, including Regeneron's objections, is attached as **Exhibit 7**, and a list of Regeneron's objection codes is attached as **Exhibit 7A**. Amgen's trial exhibits will be identified with DTX numbers, starting with DTX-0001.

36. The Parties reserve the right to modify or supplement their trial exhibits lists to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the Parties.

37. The Parties shall each provide a completed AO Form 187 exhibit list to the Court on the first day of trial.

**B. Stipulations Concerning Exhibits**

38. Each Party may use an exhibit that is listed on the other Party's exhibit list, even if not set forth on their own exhibit list, except that the offering party reserves the right to raise objections to the use of the exhibit by the opposing party. The listing of an exhibit by a Party on its exhibit list does not waive any evidentiary or other objections to that exhibit should the opposing Party attempt to offer it into evidence.

39. Each exhibit list contains all of the exhibits that a Party intends to present at trial other than: (1) exhibits used solely for impeachment; (2) demonstrative exhibits pursuant to Section V.C. below; and (3) exhibits necessary to account for information learned in discovery completed after the submission of this Pretrial Order, provided that the need for such exhibits could not reasonably have been anticipated earlier. With the aforementioned exceptions, exhibits not listed in **Exhibits 6-7** will not be admitted into evidence unless good cause is shown.

40. Neither Party will remove a document from its exhibit list without agreement from the other Party, unless it provides the other Party the opportunity to add the document to its exhibit list.

41. While the parties have attempted in good faith to provide complete exhibit lists, the Parties agree that supplementation of exhibit lists shall be permitted until Thursday, April 24 at 11:59 PM, and thereafter only for good cause and with the Court's approval.

42. Any description or date of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document or any other listed document.

43. Each Party shall make available for inspection any physical exhibits on the exhibit list no less than one (1) week before the start of jury selection.

44. Legible copies of exhibits may be offered into evidence in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the Party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the copy. Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The Parties will exchange replacement versions and/or native versions of exhibits prior to use in trial.

45. The Parties will meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

46. The Parties agree that all bates-stamped documents produced in this case by either of the Parties shall be considered authenticated under Federal Rule of Evidence 901.

47. [**Amgen's Position:** Exhibits may not be published, displayed or otherwise shown to the jury until after they have been admitted into evidence, except for purposes of impeachment. Once admitted, counsel may publish exhibits to the jury without requesting to do so.] [**Regeneron's Position:** Any exhibit without valid objection can be published to the jury.] Any exhibit, once admitted, may be used equally by each Party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

48. Any documents, deposition transcripts, or other items not specifically identified herein or offered into evidence, may still be used at trial for purposes of impeachment, if otherwise competent for such purposes.

49. [**Amgen's Position:** Absent agreement between the parties or order by the Court, no exhibit may be admitted without a sponsoring witness.] [**Regeneron's Position:** Any exhibit as to which there is no valid objection may be admitted into evidence by counsel without showing the exhibit to a witness.]

50. A Party that has used an exhibit with a witness and wishes that exhibit to be admitted into evidence may formally move the exhibit into evidence, by exhibit number, at any time, including before or after the trial day.

51. Should a Party inadvertently fail to formally move an exhibit into evidence at the close of a witness's testimony, the Parties agree that such exhibits may be moved into evidence, subject to objection, promptly thereafter.

52. By noon on the Friday before trial begins, the Parties shall provide electronic versions of all trial exhibits on the exhibit list to the Court. The trial exhibits shall be named with their exhibit numbers and organized in ascending numerical order.

53. A Party using exhibits and demonstratives with a witness on direct or cross examination shall provide a copy to the witness, two (2) copies to opposing counsel, and shall provide all requested copies to the Court at the start of the examination. The Parties agree that this provision does not require advance disclosure of exhibits to be used to impeach or on cross-examination of any witness. However, prior to the start of the cross-examination of any witness, the Parties agree to provide the other with two (2) copies of witness binders that contain all of the exhibits expected to be used on cross-examination of that witness on that day and will provide all required copies to the Court.

54. In order to reduce the number of duplicate exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked with a different trial exhibit number, a Party may substitute one exhibit for the other, provided the Party provides notice of such substitution by 6:00 PM the day prior to its use. In addition, the Parties shall promptly meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

55. None of the foregoing stipulations abrogates the requirement that the Party offering an exhibit into evidence must satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedures, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation. The Parties shall meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

**C. Procedures for Disclosure of Trial and Demonstrative Exhibits**

56. Demonstratives do not need to be included on the Parties' respective trial exhibit lists.

57. Regeneron's demonstrative trial exhibits will be identified with PDX, starting with PDX-001.

58. Amgen's demonstrative trial exhibits will be identified with DDX, starting with DDX-001.

59. A Party will provide, together with its identification of a witness to be called (as provided in Section V.I.A. below) a list of exhibits from the exhibit list to be used in connection with a direct examination of that witness by 6:00 PM[4] two (2) calendar days before their intended use. Any objections by the opposing Party will be provided no later than 6:00 PM the following day. The Parties shall then meet and confer as soon as possible to resolve objections, but in no event later than 9:00 PM that day. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand pursuant to the dispute resolution procedures included below in Section XI. J.

60. A party shall provide a color PDF or PowerPoint copy, or for videos or animations an appropriate video format, of demonstratives to be used in connection with a direct examination by 6:00 PM one (1) calendar day before their intended use. Objections to any such demonstrative exhibits shall be made by 8:00 PM that same day. The Parties will meet and confer on any objections by 9:00 PM that same day. If good faith efforts to resolve the objections fail, the Parties will adhere to the dispute resolution procedures included below in Section XI. J.

61. With respect to opening statements, the Parties shall identify any evidence (*e.g.*, trial exhibits or designated deposition testimony) and demonstratives they intend to use 6:00 PM

[4] All 6:00 PM exchange and disclosure deadlines in this Pretrial Order contemplate that trial ends each day by 5:00 PM. If any trial day ends after 5:00 PM, the Parties will have an additional 30 minutes, until 6:30 PM, to fulfill any exchange and/or disclosure requirements on that day.

one (1) calendar day before the presentation in which such materials will be used. Any objections shall be provided by no later than 8:00 PM the same day. The Parties are to meet and confer to resolve any objections to the demonstratives for opening statements by 9:00 PM that same day. If good faith efforts to resolve the objections fail, the Parties will adhere to the dispute resolution procedures included below in Section XI. J.

62. The parties will meet and confer about a process for disclosure of evidence and demonstratives to be used in closing arguments.

63. These provisions do not apply to demonstratives created during testimony, including highlighting, ballooning, arrowing, call-outs, excerpting, etc., of exhibits or parts of exhibits or testimony used with a witness, which need not be provided to the other side in advance of their use.

### D. Documents Containing Judicial Admissions

64. A Party may read at trial admissions made by or on behalf of its Party-Opponent in any of such Party-Opponent's pleadings (*i.e.*, Complaint or Answer), deposition testimony, responses to interrogatories, responses to requests for admissions, stipulations, or any amendments to or supplementations thereof in the above-captioned Actions, provided the Party seeking to read such interrogatory responses, discovery responses, or answers to pleadings provides notice of the particular portions of such documents containing the judicial admission it intends to read into the record by 6:00 PM one (1) day prior. Any objections will be made by 8:00 PM that evening and the parties shall meet and confer by 9:00 PM that same day. If any objections are still outstanding, the Parties will raise them to the Court prior to reading such documents into the record in the manner set forth in Section XI. J.

## VI. WITNESSES

### A. Witnesses Expected to be Called at Trial

65. The witnesses that Regeneron will call in person or by deposition at trial, together with Amgen's objections, are attached as **Exhibit 8**.

66. The witnesses that Amgen will call in person or by deposition at trial, together with Regeneron's objections, are attached as **Exhibit 9**.

67. The listing of a witness on a Party's pre-trial witness list does not require that Party to call that witness to testify, and does not mean that the listing Party has the power to compel the live testimony of that witness.

68. The Parties' witness lists represent the Parties' good-faith understanding and expectation about which witnesses are expected to be called live in-person, or by deposition at trial. To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each Party reserves the right to call that witness by deposition, provided the deposition designations for that witness have been previously disclosed, and to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other Party. The Parties may modify or supplement their witness lists to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court by obtaining leave of Court or by agreement of the Parties.

**B. Procedures for Witnesses**

69. The Parties will identify by email to the opposing party the witnesses that they intend to call on direct, in the order in which they will be called, and whether those witnesses will be called live or by deposition, by 6:00 PM two (2) calendar days before the direct examination is expected to take place. For example, for the witnesses that a Party intends to call on Thursday, the Party shall identify the witnesses and the order in which they will be called by 6:00 PM on Tuesday. Any objections by the opposing Party will be provided no later than 6:00 PM the following day. The Parties shall then meet and confer as soon as possible to resolve objections,

but in no event later than 9:00 PM that day. If good faith efforts to resolve the objections fail, the Parties will adhere to the dispute resolution procedures included below in Section XI. J.. This paragraph only applies to the identification of witnesses. Witnesses whose testimony will be presented by deposition must also be disclosed according to the schedule set forth below.

70. The Parties reserve the right to revise, in good faith, their witness identifications, including witness order, as long as any witness who testifies has been disclosed per the schedule above.

71. Any witness not listed on the Parties' witness lists (**Exhibits 8-9**) will be precluded from testifying absent good cause shown except that each Party may seek leave of Court to call rebuttal witnesses not listed on the Parties' witness lists (**Exhibits 8-9**) to the extent the offering Party could not reasonably have anticipated requiring testimony from such witnesses at the time of submission of this Pretrial Order, and on reasonable notice to the opposing Party if possible under the circumstances. No Party shall be required to present testimony from any witness on its list of witnesses. The listing of a witness by a Party on its witness list does not waive any objections to that witness should the opposing Party attempt to call that witness to testify, either live or by deposition. But if later events cause the need to remove a witness from a Party's witness list, the Parties agree to notify the other side immediately.

72. The Parties agree that, in general, each non-expert fact witness will be called to testify only once, except in the case of rebuttal testimony.

73. The Parties agree that if Regeneron intends to call an adverse witness to testify live in Regeneron's case-in-chief, Amgen may first conduct its direct-examination and Regeneron will subsequently conduct its cross-examination, and such cross-examination shall be permitted to exceed the scope of the direct examination. In such a scenario, Amgen reserves the right to recall

that witness to testify live in its case in chief. If a Party intends to call an adverse witness to testify live, the Party intending to call the adverse witness must notify the opposing Party by no later than fourteen (14) days before the witness is intended to testify in Court.

74. During adjournments in the trial including breaks during the trial and overnight, the offering Party may discuss with a witness his or her testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced but is prohibited from discussing with the witness his or her testimony during or after cross-examination.

**C. Testimony by Deposition**

75. Regeneron identifies the deposition testimony that it may offer into evidence at the jury trial in **Exhibit 10**. Amgen's objections to the designations, Amgen's counter designations, and Regeneron's objections to the counter designations are also listed in **Exhibit 10**.

76. Amgen identifies the deposition testimony that it may offer into evidence at the jury trial in **Exhibit 11**. Regeneron's objections to the designations, Regeneron's counter designations, and Amgen's objections to the counter designations are also listed in **Exhibit 11**.

77. If applicable, a Party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

78. The Parties reserve the right to modify or supplement their deposition designations or counter-designations to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the Parties.

79. Any deposition testimony not specifically identified on a Party's deposition designation list may still be used at trial for the purpose of impeachment, if otherwise competent for that purpose.

80. Unless otherwise agreed to between the Parties, the Party intending to offer a witness by deposition shall provide the other Party with a list of final deposition designations (by page and line number) it intends to introduce by 6:00 PM three (3) calendar days before the earliest date the deposition testimony may be read or played in Court.

81. The other Party shall identify any objections and counter-designations to the designated testimony by 6:00 PM two (2) calendar days before the designations are to be played or read. Objections to counter-designations and/or exhibits shall be provided by 8:00 PM that same day. The Parties shall meet and confer as to any objections no later than 10:00 PM the same day. If good faith efforts to resolve the objections fail, the Parties will adhere to the dispute resolution procedures included below in Section XI. J.

82. The Party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony played in the same order it appears in the full transcript, minus any attorney objections, and shall provide a final version of the video and clip report with time allocations to the other Party by 8:00 PM the day before it is to be shown to the jury. Any objection to the video recording must be made by 10:00 PM the day before it is to be shown to the jury. If good faith efforts to resolve the objections fail, the Parties will adhere to the dispute resolution procedures included below in Section XI. J.

83. Colloquy between counsel and objections will be eliminated to the extent practicable to do so when the deposition is read or played at trial.

84. Subject to resolution of any objections, exhibit(s) referenced in a designated deposition excerpt may be presented and shown to the jury at the same time that the excerpt is played or read.

85. The Parties agree that the Party offering a witness by deposition may make a brief statement identifying the witness by name, employer, and role before any witness is called.

86. When the witness is called to testify by deposition at trial, the Party calling the witness shall provide the Court with two (2) copies of the transcript of the designations and counter-designations that will be read or played. An additional copy shall be provided to the Court Reporter.

87. [**<u>Amgen's Position:</u>** All deposition designations are only to be played once. For the avoidance of doubt, where both parties have affirmatively designated testimony for a particular witness, either affirmatively or via counter-designation, all designated deposition testimony for that witness will be read or played by video at one time, in chronological order.] [**<u>Regeneron's Position:</u>** Where both Parties have affirmatively designated testimony for a particular witness, each Party's affirmative designations, plus the opposing parties counter-designations, must be played in the offering Party's case-in-chief.] Regardless of whether deposition testimony is read or played by video, the time for each Party's designated portions will be charged to the designating Party. The Parties shall provide the Court with a proposed allocation of time to be assessed to each side for any deposition testimony read or played by video.

88. The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video of a witness used for impeachment or cross-examination of that witness. Any deposition testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a Party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VII. STATEMENTS OF INTENDED PROOFS (L.R. 16.3(c)(8)-(10))

### A. Regeneron's Statement of Intended Proof

89. Regeneron's statement of what it expects to prove in support of its claims is attached as **Exhibit 12**.

90. Regeneron's statement is based upon the current status of the case, the marketplace given Regeneron's demand for injunctive relief, and the Court's current rulings. Regeneron reserves the right to revise this statement in light of any further decisions or orders of the Court or changes in the marketplace.

### B. Amgen's Statement of Intended Proof

91. Amgen's statement of what it expects to prove in support of its claims is attached as **Exhibit 13.**

92. Amgen's statement is based upon the current status of the case, the information provided by Regeneron in its filings, including this pretrial order, and the Court's current rulings. Amgen reserves the right to revise this statement in light of any further decisions or orders of the Court or changes by Regeneron to its statement.

93. Amgen disputes that Regeneron may revise its statement of intended proof "in light of any . . . changes in the marketplace." To the extent Regeneron is permitted to do so, however, Amgen also reserves the right to make its own revisions in light of any changes in the marketplace or characterizations by Regeneron.

## VIII. AMENDMENTS TO THE PLEADINGS

94. The Parties do not seek to amend the pleadings at present.

## IX. MOTIONS IN LIMINE

95. The Parties' opposed motions *in limine* set forth in the following:

a. Regeneron's motion *in limine* opposed by Amgen is set forth in **Exhibit 14**.

b. Amgen's motions *in limine* opposed by Regeneron are set forth in **Exhibits 15A, 15B, and 15C**.

96. The Parties anticipate that other evidentiary issues outside of the motions *in limine* may arise. They will raise those issues to the Court as necessary at the appropriate time before or during trial.

## X. MOTIONS FOR JUDGMENT AS A MATTER OF LAW

97. The moving Party shall make and argue its judgment as a matter of law motion orally out of the presence of the jurors at the earliest opportunity allowed by the Court. The Parties may, but are not required to, submit written Rule 50(a) motions.

## XI. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

### A. Voir Dire, Jury Instructions, and Verdict Form

98. The Parties' proposed voir dire, preliminary and final jury instructions, and verdict form will be submitted on April 18, 2025, seven (7) days prior to the pretrial conference in accordance with the Court's form scheduling order and agreement of the Parties.

### B. Jury Trial

99. The trial shall commence with eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually or at sidebar and thereafter addressing any challenges to strike for cause or undue hardship until a venire of fourteen (14) jurors is selected. The Parties will have three (3) preemptory strikes each which will be used alternating Amgen and Regeneron, until the final jury of eight jurors is selected. The Parties need not strike jurors in numerical order.

100. Regeneron will provide the Court forty (40) courtesy copies of voir dire and forty (40) generic pens for the jury on May 2, 2025.

101. Jury selection by Magistrate Judge Laura D. Hatcher will take place on May 2, 2025 in Courtroom 6D beginning at 9:00 AM. (D.I. 406-1).

**C. Length of Trial**

102. The case is currently scheduled for a 7-day jury trial. Each trial day will begin at [X AM] and the jury will be excused at the Court's discretion. There will be up to an hour for lunch and a fifteen-minute break in both the morning and the afternoon, subject to the Court's discretion.

103. The trial will be timed. Each side shall be allotted [X hours] for its opening statement, its direct and cross examination of witnesses, and its closing argument. Each side shall have up to 60 minutes for opening statements. The Parties shall meet and confer prior to closing arguments to determine the length of those arguments. Time during the trial that does not fit into one of the categories described above will be attributed to one side or the other as the Court thinks most appropriate.

104. Trial counsel are to be present and ready to proceed at 8:30 AM on May 2, 2025, and on each and every day thereafter of trial.

105. Unless otherwise ordered, time will be charged to a Party for its opening statement, closing argument, direct and redirect examination of witnesses it calls, and cross-examination of witnesses called by the opposing Party. Time dedicated to arguing objections to evidence or demonstrative exhibits while the jury is seated will be charged against the Parties at the Court's discretion.

106. The Courtroom Deputy will keep a running total of trial time used by counsel. If any Party uses all of its allocated trial time, the Court will terminate that Party's trial presentation, except for good cause shown.

**D. Juror Binders**

107. At the outset of trial, the Parties will provide jury members with binders containing the following material: a glossary of terms, if and to the extent agreed upon by the Parties; a blank

pad of paper; and a pencil or pen. The Parties will provide witness pages for the jurors to insert in the notebooks at the start of each day when witnesses will be called. The witness page will be an otherwise blank (or lined) page with the name and agreed-upon photograph of the witness. The Parties will also provide the Court two copies of notebooks given to the jurors. The jury notebook may contain further materials if agreed upon by the parties and approved by the Court.

108. The Parties agree that the jurors shall be permitted to write notes by hand on their notepads during the trial, and that jurors be permitted to bring their provided binders and notepads into the deliberation room. The Parties propose that the jurors be instructed not to share the binders and notepads with each other. The Parties further propose that the jurors' binders and notepads be destroyed without review after the jury's discharge.

**E. Set-Up of Electronic and Computer Equipment**

109. The Parties request that the Court grant them access to the Courtroom on Thursday, May 1, 2025 to allow them to set up electronic and computer devices to be used during the trial.

**F. Handling of Confidential Information at Trial**

110. The Parties anticipate that the majority of trial will be open to the public and not sealed unless a party specifically requests reasonably in advance of anticipated sealing that a particularly sensitive portion be sealed. If a Party makes such a request, the Court shall identify the measures it deems appropriate to seal the relevant portion. In the event the Court seals the courtroom, those individuals not qualified under the Protective Order entered in this case shall leave, except that each Party may designate one (1) corporate representative and one (1) non-witness lawyer not already qualified under the Protective Order (together, "Corporate Representatives") who may remain in the courtroom throughout the entirety of trial.

111. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Within two

(2) weeks of the last day of trial, the Parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the Parties shall be responsible for supplying the necessary envelopes and labels for any materials placed under seal.

**G. Sequestration of Witnesses**

112. Pursuant to Fed. R. Evid. 615, fact witnesses, until they have been excused, will be excluded from the courtroom during trial so that they cannot hear the other witnesses' testimony, to the extent described herein. Excluded witnesses will be prohibited from learning about, obtaining, or being provided with trial testimony. For the avoidance of doubt, other than experts, no fact witness other than each party's respective corporate representative shall be allowed to be present at trial before they testify. In accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer(s) or employee(s) designated by each party as their representatives. Expert witnesses will not be excluded for either fact or expert testimony.

**H. Updates to Proposed Pretrial Order**

113. This Order shall control the subsequent course of the Action, unless modified by the Court.

114. The Parties agree to work together to amend the Proposed Pretrial Order, subject to the approval of the Court, if any changes are warranted based on changed circumstances between the date of this filing and trial.

**I. Post-Trial Status Report and Motions**

115. Within seven (7) days after the jury returns a verdict in any portion of the trial, the Parties shall jointly submit a form of order to enter judgment on the verdict including the proposed scope of permanent injunctive relief, and at the same time, will submit a joint status report

indicating how the case should proceed and listing any post-trial motions each party intends to file. The Parties will coordinate with the Court to propose a post-trial briefing schedule.

**J. Dispute Resolution Procedures**

116. If, after meeting and conferring, the Parties are unable to resolve their objections to exhibits, demonstratives, witnesses, deposition designations, or other evidence, the objecting Party shall provide its position(s) in writing promptly after the conclusion of the meet and confer and in no event later than 10:30 PM the same day as the meet and confer. The responding Party shall provide its responsive position by 11:30 PM the same day. By 12:00 AM (midnight), Delaware counsel, on behalf of the Parties, shall notify the Court by email (jlh_civil@ded.uscourts.gov) of any objections to demonstratives, witnesses, or other evidence to be presented that trial day. The Parties shall attach to the email a joint pleading identifying the disputes and digital copies of all relevant demonstratives, exhibits, deposition designations, or other evidence with the disputed passages highlighted. The Parties shall state their position on each dispute briefly (no more than one double-spaced page). By 8:15 AM, the Parties shall provide the Court with two (2) courtesy copies of the submission. The Parties shall leave the courtesy copies on the lectern in the courtroom.

117. The Court shall identify the dispute resolution procedures the Parties will follow.

118. The Parties' objections to illustrative aids, exhibits, witnesses, and deposition designations shall be addressed at the Court's discretion.

**K. Transcript Corrections**

119. No later than the fourteenth (14) day following the last day of trial, the parties shall provide to the Court Reporter any proposed corrections to the trial transcript.

**L. Other Stipulations**

120. On or before May 2, 2025, the Parties must file a letter attaching a list of witness names and a glossary of technical terms for the court reporter.

121. The Parties will not present evidence concerning any witness's nationality, country of origin, sexual orientation, or religion.

14. The Parties will make best efforts to send all notices, disclosures, and exchanges required by this Pretrial Order to the full outside counsel trial team of the respective Parties.

15. The Parties agree they will not refer to or quote from orders of the Court or filings in this case during trial without first approaching the Court for leave.

122. Any expert opinions offered at trial will be limited to opinions that were advanced in the experts' opening, rebuttal, reply, and supplemental reports consistent with the Court's April 9, 2025 Hearing; depositions; and, witness testimony elicited during the trial.

123. The Parties will not introduce evidence, testimony, or argument referring to the role or presence in the courtroom of jury consultants or shadow jurors, or the use of focus groups or mock proceedings to assist with trial preparation, jury selection, or trial.

124. The Parties have agreed that Regeneron will present evidence first. The Parties request that the following issues be decided by the Court outside the presence of the jury:

- Regeneron's request for a permanent injunction under 15 U.S.C. § 26, Cal. Bus. & Prof. Code §§ 16750, 17203, and N.Y. Gen. Bus. Law § 340;
- Regeneron's request for treble damages, adjusted to present value, pre-judgment interest and post-judgment interest, and costs and attorneys' fees under 15 U.S.C. § 15, Cal. Bus. & Prof. Code §§ 16750, 17082, and N.Y. Gen. Bus. Law § 340.

125. The Court will hold the charge conference on a date or dates to be decided at the Pretrial Conference.

## XII. CERTIFICATION OF GOOD FAITH EFFORTS AS TO SETTLEMENT

126. The Parties certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.

Dated: April 17, 2025

WILKS LAW LLC

*/s/ Scott B. Czerwonka*
David E. Wilks (Bar No. 2793)
Scott B. Czerwonka (Bar No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
(302) 225-0850
dwilks@wilks.law
sczerwonka@wilks.law

*Attorneys for Regeneron Pharmaceuticals, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*
Melanie K. Sharp (Bar No. 2501)
James L. Higgins (Bar No. 5021)
Stephanie N. Vangellow (Bar No. 7277)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
svangellow@ycst.com

*Attorneys for Amgen Inc.*

SO ORDERED this __________ day of _______________, 2025.

__________________________
United States District Judge