IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC.,<br><br>Defendant. | Case No. 22 Civ. 697 (JLH) |

**REGENERON'S OBJECTIONS TO AMGEN'S
DISCLOSED DEMONSTRATIVES FOR MONDAY, MAY 12, 2025**

Pursuant to the dispute resolution procedures in § XI.J of the Pretrial Order, D.I. 461, and pursuant to ¶ 59 of that order, which requires parties to bring its objections to the Court's attention prior to the witness being called to the witness stand, Regeneron respectfully submits the attached objections to the demonstratives Amgen plans to use on Monday, May 12.

I.      **Gaier Demonstratives DDX3.15**

   A. **Regeneron's Position**

The Court should exclude Dr. Gaier Demonstrative DDX3.15 and any undisclosed expert opinions or analyses from Dr. Gaier regarding the same. Federal Rule of Civil Procedure 26(a)(2)(B) mandates that an expert report shall contain a *complete* statement of all opinions the expert will express. In DDX3.15, Dr. Gaier purports to evaluate whether a "bundle" is present across sixteen different formularies—including nine custom formularies. But Dr. Gaier's report does not disclose any opinion on the presence of bundles at any specific custom formularies. No version of DDX3.15 appears in any of Dr. Gaier's report. None of the cherry-picked custom formularies listed in DDX3.15 surface in his report. Nor did Dr. Gaier disclose which custom formularies belong to which PBM, or how many lives are covered by each custom formulary. Accordingly, Amgen's untimely disclosure unduly prejudices Regeneron because Regeneron cannot meaningfully cross-examine Dr. Gaier even on the most basic substance of DDX3.15 (*i.e.,* whether these custom formularies contain a "bundle?" or not). The Court should exclude this slide and any new eve-of-testimony opinions or analyses regarding the same. *See Inline Connection Corp. v. AOL Time Warner Inc.,* 472 F. Supp. 2d 604, 615 (D. Del. 2007) (granting motion *in limine* to preclude an expert from testifying on subjects outside the scope of his deposition and report).

   B. **Amgen's Position**

DDX-3.15 fits within Dr. Gaier's disclosed opinions and is responsive to the opinions offered by Regeneron's economic expert, Professor Scott Morton. In his report, Dr. Gaier explains that "a substantial fraction of each major PBM's base of commercially insured covered lives use custom formularies that can, and frequently do, deviate from their respective PBM's national formularies." Gaier Report ¶ 60. He further opines that "custom formularies frequently negotiate

different rebate terms than apply to the corresponding PBM's national formulary." *Id.* ¶ 301. During this trial, *Regeneron* admitted MMIT data regarding the custom formularies listed in DDX-3.15, and its experts relied on that data. PTX-882 (Amgen Data Productions); Tr. at 943:22-23 (admitting PTX-882 during Prof. Scott Morton's examination); Tr. at 1123:22-1124:3 (Dr. Mathur testifying that she relied on MMIT data). All of the economist experts heavily relied on this data for their opinions. Dr. Gaier is simply illustrating to the jury that there are hundreds of custom formularies included in that data, none of which Professor Scott Morton opines are subject to any bundle, and thus Regeneron has not established foreclosure at any of the custom formularies. Gaier Dep. Tr. at 217:7-11 ("And then my critique, as I said, on the spillover is that she hasn't established that … Regeneron was foreclosed from the custom formularies."). This testimony and demonstrative directly rebut Professor Scott Morton's opinion that Amgen has foreclosed competition in the market where a "custom formulary copies the national formulary." Tr. at 937:14-22.

WILKS LAW LLC

  /s/ Scott B. Czerwonka
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
(302) 225-0850

WEIL, GOTSHAL & MANGES LLP
Jessica L. Falk
Robert Niles-Weed
Rachel Williams
767 Fifth Avenue
New York, NY 10153-0119
(212) 310-8000

Michael R. Moiseyev
2001 M. Street , NW
Washington, DC  20036
(202) 682-7000


ORRICK, HERRINGTON & SUTCLIFFE LLP
Eric S. Hochstadt
51 West 52nd Street
New York, NY  10019-6142
(212) 506-5000

WHITE & CASE LLP
Jonathan D. Polkes
Adam B. Banks
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200


*Attorneys for Regeneron Pharmaceuticals, Inc.*