IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMGEN INC., <br><br> Defendant. | C. A. No.: 1:22-cv-00697-JLH |

## JUDGMENT FOLLOWING JURY VERDICT

This case was tried to a jury. The jury deliberated on the claims asserted at trial and reached a verdict (D.I. 478 & 479), finding that: (1) Regeneron proved by a preponderance of the evidence that Amgen monopolized a relevant market in violation of Section 2 of the Sherman Act (Counts 1 and 3); (2) Regeneron proved by a preponderance of the evidence that Amgen attempted to monopolize a relevant market in violation of Section 2 of the Sherman Act (Counts 2 and 4); (3) Regeneron proved by a preponderance of the evidence that Amgen unreasonably restrained trade in violation of Section 1 of the Sherman Act (Count 5); (4) Regeneron proved by a preponderance of the evidence that Amgen violated Section 3 of the Clayton Act (Count 6); (5) Regeneron did not prove by a preponderance of the evidence that Amgen violated California's Unfair Practices Act (Count 8); (6) Regeneron proved by a preponderance of the evidence that Amgen violated California's Cartwright Act (Count 9); (7) Regeneron proved by a preponderance of the evidence that Amgen violated New York's Donnelly Act (Count 10); (8) Regeneron proved by a preponderance of the evidence that Amgen tortiously interfered with Regeneron's prospective business relationships

(Count 11); (9) Regeneron proved that it was entitled to a total of $135.6 million in compensatory damages; (10) $135.6 million in compensatory damages resulted from conduct that violated the Sherman Act, the Clayton Act, the Donnelly Act, the Cartwright Act, and/or the California Unfair Practices Act (Counts 1–10); (11) $135.6 million in compensatory damages resulted from conduct that amounted to tortious interference with prospective business relationships (Count 11); and (12) Regeneron proved that punitive damages were appropriate for Count 11, and $271.2 million in punitive damages should be awarded.

The jury also answered special interrogatories and found as follows: (13) Regeneron proved by a preponderance of the evidence that Repatha has market power in a relevant product market; (14) Regeneron proved by a preponderance of the evidence that Enbrel possesses market power in a relevant product market; and (15) Regeneron proved by a preponderance of the evidence that Amgen's anticompetitive conduct substantially foreclosed Regeneron from the relevant market.

IT IS ORDERED that:

1. Judgment is entered in the total amount of $ 406.8 million for Regeneron and against Amgen on Counts 1–6 and 9–11 of the amended complaint.

2. Judgment is entered for Amgen and against Regeneron on Count 8.

3. Amgen's Counterclaim included in its answer to the amended complaint under California's Unfair Practices Act is dismissed with prejudice.

4. Regeneron's requests for judgment and relief on Count 7 of the amended complaint under California's Unfair Competition Law, injunctive relief, disgorgement, constructive trust, damages adjusted to present value, pre-judgment interest, chargeable costs, post-judgment interest, attorneys' fees, and other monetary and equitable relief will be addressed in the forthcoming post-trial briefing. Amgen's requests for partial or complete judgment as a matter of law and/or new trial,

as well as any other relief sought, will be addressed in the forthcoming post-trial briefing. Judgment will be amended to reflect the Court's judgment and any relief on Count 7 of the amended complaint and its resolution of any other issues presented in post-trial briefing.

5. Post-judgment interest pursuant to 28 U.S.C. § 1961 shall accrue from the date below until the judgment is satisfied consistent with applicable law and any modification of this judgment.

6. The deadline to move for costs and attorneys' fees is extended to within fourteen (14) days after the time for appeal has expired or within fourteen (14) days after issuance of the mandate from the appellate court, and no party shall file any such motion before that time.

7. This Judgment Following Jury Verdict does not finally resolve all claims in this litigation and is accordingly not a final Judgment subject to appeal or execution.

8. This Judgment Following Jury Verdict is subject to modification following the Court's considerations of the parties' post-trial motions and any appeal.

SO ORDERED this __2nd__ day of __June__, 2025.

_____
The Honorable Jennifer L. Hall
United States District Judge