IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMGEN INC., )<br>)<br>Defendant. ) | C. A. No.: 22-00697-JLH<br><br>**JURY TRIAL DEMANDED** |

**AMGEN INC.'S RESPONSE TO REGENERON'S NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF ITS MOTION FOR 1) PERMANENT INJUNCTIVE RELIEF; 2) CONSTRUCTIVE TRUST; AND 3) PREJUDGMENT INTEREST**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Catherine E. Lynch (No. 7326)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
clynch@ycst.com

GIBSON, DUNN & CRUTCHER LLP
Eric J. Stock
Kate Swisher
Ben A. Sherwood
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Richard J. Doren
Samuel Liversidge
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

Betty X. Yang
Ashley E. Johnson
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100

Courtney L. Spears
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800

*Attorneys for Amgen Inc.*

Dated: August 11, 2025

Pursuant to D. Del. LR 7.1.2(b), Defendant Amgen Inc. responds to Regeneron's August 5, 2025 Notice of Supplemental Authorities, which cites *In re Google Play Store Antitrust Litig.*, and *Innovative Health LLC v. Biosense Webster, Inc.* Neither decision supports the kind of competition-suppressing remedy Regeneron asks this Court to impose. To the contrary, both cases reinforce the settled principle that antitrust injunctions must be approached cautiously. Even if a movant meets the rigorous requirements for injunctive relief, any injunction's scope must be carefully tailored to the specific violation found, and courts retain broad discretion to ensure any remedy is no more burdensome than necessary to restore competition.

I. *In re Google Play Store Antitrust Litig.*, 2025 WL 2167402 (9th Cir. July 31, 2025)

In *Google*, the injunction "prohibit[ed] anticompetitive arrangements that insulated [defendant] from competition," rather than, as Regeneron proposes here, prohibiting *procompetitive* conduct in order to shield *Regeneron* from competition. 2025 WL 2167402, at *15; D.I. 519, at 8-10. The *Google* court justified the injunction specifically "[i]n light of the digital two-sided market at issue," where Google's conduct prevented rival app stores from competing by denying them access to the Play Store's app catalog. 2025 WL 2167402, at *16–17. The injunction banned conduct that "closely track[ed] the evidence of anticompetitive conduct at trial." *Id.* at *15. Crucially, to the extent the injunction went beyond the specific conduct deemed unlawful, it did so only as necessary to *restore* competition, not to suppress it, or to dictate appropriate market share, as Regeneron asks the Court to do here. *Compare id.* at *16-*17 *with* D.I. 519, at 7-29 (describing destruction of competition that would result from Regeneron's proposed injunction). Nothing in *Google* supports the relief Regeneron seeks.

II. *Innovative Health LLC v. Biosense Webster, Inc.*, 2025 WL 2172261 (C.D. Cal. July 31, 2025)

*Innovative Health* reinforces Amgen's argument that "the scope of the injunction must be

2

coterminous with the antitrust violation" and stresses that "caution is key" when designing injunctive relief for an antitrust violation. 2025 WL 2172261, at *8; *see also* D.I. 519, at 2, 7-9. The *Innovative Health* court warns that injunctions "require a careful balance of considerations, weighing the requisite level of judicial power needed to restore competition with the defendants' hardships, business objectives, and ability to innovate." *Id.* *Innovative Health* thus scrutinized the requested injunction and narrowed it to ensure it was tailored to the violation found. *Id.* at *2, 8.

If it would be helpful to the Court to discuss these cases further, Amgen will be prepared to do so at the August 27 hearing.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

GIBSON, DUNN & CRUTCHER LLP
Eric J. Stock
Kate Swisher
Ben A. Sherwood
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Richard J. Doren
Samuel Liversidge
333 South Grand Avenue
Los Angeles, CA  90071
(213) 229-7000

Betty X. Yang
Ashley E. Johnson
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100

Courtney L. Spears
3161 Michelson Drive, Suite 1200
Irvine, CA  92612-4412
(949) 451-3800

Dated:  August 11, 2025

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Catherine E. Lynch (No. 7326)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
clynch@ycst.com

*Attorneys for Amgen Inc.*