**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

REGENERON PHARMACEUTICALS, INC.,

    Plaintiff,

v.

AMGEN INC.,

    Defendant.

C. A. No.: 1:22-cv-00697-JLH

**REGENERON PHARMACEUTICALS, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
ITS ANSWERING BRIEF IN OPPOSITION TO AMGEN, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE
<u>ALTERNATIVE, MOTION FOR NEW TRIAL</u>**

WILKS LAW LLC
David E. Wilks (Bar No. 2793)
Scott B. Czerwonka (Bar No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
Email: sczerwonka@wilks.law

WHITE & CASE LLP
Jonathan D. Polkes
Adam B. Banks
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8301

ORRICK, HERRINGTON
& SUTCLIFFE LLP
Eric S. Hochstadt
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5282

WEIL, GOTSHAL & MANGES LLP
Michael R. Moiseyev
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7000

*Attorneys for Regeneron Pharmaceuticals, Inc.*

Dated: July 8, 2026

Jessica L. Falk
Robert Niles-Weed
Rachel Williams
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

Pursuant to D. Del. LR 7.1.2.(b), Plaintiff Regeneron Pharmaceuticals, Inc. respectfully submits this Notice of Supplemental Authority to apprise the Court of the recent decision in *Applied Medical Resources Corporation v. Medtronic, Inc.*, Case No. 8:23-cv-00268-WLH-DFM, slip op. (C.D. Cal. July 6, 2026), a copy of which is attached as **Exhibit A**.

*Applied Medical* is an antitrust lawsuit involving exclusive dealing and portfolio bundling in the medical device industry. Ex. A at 2. The jury found for Applied Medical and awarded damages. *Id.* at 2-3. Medtronic moved for judgment as a matter of law or a new trial, and the district court denied both motions. The decision supports several arguments made in Regeneron's Answering Brief in Opposition to Amgen, Inc.'s Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial. (D.I. 521).

*First*, the district court rejects Medtronic's argument that a jury must find that each product in the bundle has monopoly or significant market power to be anticompetitive. Relying on *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008), which this Court has applied to analyze Amgen's cross-therapeutic bundle (*see, e.g.*, D.I. 49 at 13-14, D.I. 419 at 1), the district court concluded that "Applied need not demonstrate monopoly or significant market power over every item in a bundle…. Medtronic's contention—that Applied offered no evidence addressing whether Medtronic had monopoly power in any of the products part of the bundled contract—is founded on the faulty assumption that monopoly power across all products *is* a requirement for Applied to succeed on its bundling claims." Ex. A at 10-11 (emphasis in original). Amgen makes the same argument. (D.I. 497 at 13, 30-33.) Regeneron shows that this is not a legal requirement and, in any event, the jury found that Enbrel has market power. (D.I. 521 at 24-25.)

*Second*, the district court rejects Medtronic's argument that the jury's finding of substantial foreclosure was erroneous to throw out the verdict. After reaffirming that there is "no set percentage" for foreclosure "at *any* stage of the case," the district court looked at all of

1

the evidence "the jury *could* have considered," including an expert's calculation of foreclosure in the 17%-47% range and other evidence that "supports an even higher foreclosure percentage," and found "it reasonable for a jury to have concluded that the confluence of Medtronic's conduct—taken as a whole—constituted substantial foreclosure." Ex. A at 16-17 (emphasis in original). Amgen also makes the same argument. (D.I. 497 at 22-25.) Regeneron shows that there is no rigid substantial foreclosure percentage and, in any event, the jury found that Praluent was substantially foreclosed from the PCSK9i market. (D.I. 521 at 18-21.)

*Third*, the district court rejects Medtronic's argument that a reasonable jury could not have found the market was limited to advanced bipolar surgical devices or ABDs. According to the district court, "the jury was free to weigh the evidence" and "a jury could reasonably infer … that ABDs, ultrasonics and robotic ABDs were not interchangeable 'merely because they share similar forms or functions.'" Ex. A at 20. Here, too, Amgen makes the same argument with respect to Leqvio. (D.I. 497 at 14-17.) Regeneron shows that the jury heard lots of evidence why the untimely entry of a physician-administered product was not in the same market as the pharmacy-dispensed, self-administered Praluent and Repatha products and, in any event, including Leqvio did not remove Repatha's monopoly power. (D.I. 521 at 12-14.)

[*Signature Page Follows*]

2

Dated: July 8, 2026

WHITE & CASE LLP
Jonathan D. Polkes
Adam B. Banks
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8301


ORRICK, HERRINGTON
& SUTCLIFFE LLP
Eric S. Hochstadt
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5282


WEIL, GOTSHAL & MANGES LLP
Michael R. Moiseyev
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7000


Jessica L. Falk
Robert Niles-Weed
Rachel Williams
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

WILKS LAW LLC

*/s/ Scott B. Czerwonka*
David E. Wilks (Bar No. 2793)
Scott B. Czerwonka (Bar No. 4844)
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
Email: sczerwonka@wilks.law

*Attorneys for Regeneron Pharmaceuticals, Inc.*

3